# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| BRETT LORENZO FAVRE, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PATRICK JOSEPH MCAFEE, )<br> )<br>Defendant. )<br> ) | Case No. 2:23-cv-45-KS-MTP |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Patrick J. McAfee ("McAfee") hereby removes the above-captioned civil action (the "Action") that was originally commenced in the Circuit Court of Lamar County, Mississippi, as Civil Action No. 37CI1:23-CV-00032-CM to the United States District Court for the Southern District of Mississippi, Eastern Division. McAfee files this Notice of Removal without waiving any right, defense, affirmative defense, or motion, including, without limitation, failure to state a claim upon which relief may be granted. In support of this Notice of Removal, McAfee states as follows:

## BACKGROUND ON THIS ACTION

1.  On February 9, 2023, Plaintiff Brett Lorenzo Favre ("Favre") filed a Complaint in the Circuit Court of Lamar County, Mississippi, Civil Action No. 37CI1:23-CV-00032-CM, suing McAfee for defamation and defamation per se for allegedly publishing defamatory statements about Favre during the November 30, 2022 broadcast of The Pat McAfee Show ("The Show") and in a December 24, 2022 tweet on The Show's Twitter page.

2.  On February 26, 2023, Favre served McAfee with a copy of the Summons and Complaint. McAfee is the only named defendant.

3. In the Complaint, Favre seeks nominal, general, actual/special, exemplary and punitive damages, plus litigation costs including but not limited to reasonable legal, consulting and expert witness fees, plus pre- and post-judgement interest, plus any other damages deemed proper.

## GROUNDS FOR REMOVAL - DIVERSITY JURISDICTION

4. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in State Court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

5. Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states."

6. Removal of this case is proper under 28 U.S.C. §§ 1332 and 1441(a). Specifically, removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

**A.  Citizenship of the Parties**

7. Favre's Complaint states that he is a private citizen and resident of Sumrall, Lamar County, Mississippi. Accordingly, McAfee asserts that at the time the Complaint was filed and at the time of filing this Notice, Favre was and still is a citizen of the State of Mississippi.

8. McAfee is an individual domiciled in the State of Indiana.

9. Accordingly, there is complete diversity of citizenship between Favre and McAfee. *See ADT, L.L.C. v. Richmond*, 18 F.4th 149, 155 (5th Cir. 2021) (finding complete diversity in a suit brought by one plaintiff against one defendant when neither was a citizen of the same state).

B.     **Amount in Controversy**

10.    28 U.S.C. § 1446(c)(2) provides that, subject to certain exceptions not applicable here, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

11.    In the Complaint, Favre claims that McAfee's conduct caused him "financial harm by, among other things, diminishing Favre's ability to generate income through endorsements, appearance at events or on radio and television programs, or hosting his own radio or television program."

12.    Favre demands judgment against McAfee in an amount to be determined at trial to include nominal, general, actual/special, exemplary and punitive damages, plus litigation costs including but not limited to reasonable legal, consulting and expert witness fees, plus pre- and post-judgement interest, as well as any other damages deemed proper.

13.    In accordance with 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

14.    Removal is proper if it is "facially apparent" that the amount in controversy exceeds the sum or value of $75,000.00.  *See Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022).

15.    Favre's claim for punitive damages alone satisfies the amount in controversy requirement as "federal courts in Mississippi have consistently held that a claim for an unspecified

amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assurance Co. of Can. (U.S.) v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citations omitted); *see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1333-34 (5th Cir. 1995) (finding "in Mississippi . . . the full amount of alleged [punitive] damages [is] counted against each plaintiff in determining the jurisdictional amount").

16.     The amount in controversy also includes Favre's demand for legal fees. *See Foret v. Southern Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (holding that attorney's fees may be included in the computation of the amount in controversy). Six lawyers have entered their appearance on Favre's behalf in this case. His legal fees undoubtedly will, alone, exceed the $75,000.00 jurisdictional minimum.

17.     Additional facts outside the Complaint further demonstrate that the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

18.     Favre's counsel recently stated during an interview that this case is worth "millions of dollars" and suggested that it could "bankrupt" McAfee. *See* Jason Whitlock, *"Fearless" Exclusive: Brett Favre's Attorney Explains Shannon Sharpe & Pat McAfee Lawsuits | Ep 379*, YouTube (Feb. 14, 2023), https://www.youtube.com/watch?app=desktop&v=KBSn81xo2hg ("Well I guarantee you the jury in Mississippi will make certain he learns how to apologize. It's going to cost Pat McAfee millions of dollars, and if it bankrupts him then he will have learned his lesson[.]"). While certainly disputed by McAfee, Favre's attorneys apparently believe that the Complaint seeks damages well in excess of the jurisdictional minimum.

19.     Accordingly, it is facially apparent that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See Dart Cherokee*, 574 U.S. at 89; *Guijarro*, 39 F.4th at 314.

20. Based on the foregoing, this Court properly has subject matter jurisdiction over this Action under 28 U.S.C. § 1332.

## PROCEDURAL COMPLIANCE FOR REMOVAL

21. All procedural requirements for removal are satisfied.

22. Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this District and Division embrace the State Court in which the Action was filed.

23. In accordance with 28 U.S.C. § 1446(a), a complete and certified copy of the State Court record is attached hereto as Exhibit A.

24. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within thirty (30) days after service on McAfee of a copy of the Summons and Complaint that was filed in the State Court.

25. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Circuit Clerk of Lamar County, Mississippi, and will be given to Favre's counsel of record in the State Court in the form attached hereto as Exhibit B.

WHEREFORE, removal of this Action to this Court is proper, and this case is hereby removed to this Court. Favre is notified to proceed no further in State Court.

Dated: March 24, 2023                                     Respectfully submitted,

                                                          */s/ Alex Purvis*

                                                          Alex Purvis (MSB 100673)
                                                          Michael C. Williams (MSB 104537)
                                                          James Stephen Fritz, Jr. (MSB 105936)
                                                          **BRADLEY ARANT BOULT CUMMINGS LLP**
                                                          One Jackson Place
                                                          188 E Capitol Street, Ste 1000
                                                          Jackson, MS 39201

                                                    Phone: 601.948.8000  
                                                  Fax: 601.948.3000  
                                                  apurvis@bradley.com  
                                                  mcwilliams@bradley.com  
                                                  sfritz@bradley.com

                                        *Counsel for Defendant Patrick J. McAfee*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system and served a copy of the same on all counsel of record in the State Court by U.S. Mail and electronic mail to:

| | |
|---|---|
| Michael J. Shemper<br>MICHAEL J. SHEMPER, PLLC<br>140 Mayfair Road, Suite 1200<br>Hattiesburg, MS 39402<br>michael@shemperlaw.com | Eric D. Herschmann<br>210 Lavaca Street<br>Austin, Texas 78701<br>EDHNotice@gmail.corn |
| James Robert "Bob" Sullivan, Jr.<br>SULLIVAN & SULLIVAN, PLLC<br>424 Sawmill Road<br>P. O. Box 45<br>Laurel, MS 39441<br>bob@sst-lawoffice.com | Daniel R. Benson<br>Jennifer M. McDougall<br>Daniel J. Koevary<br>KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, NY 10019<br>DBenson@kasowitz.com<br>JMcDougall@kasowitz.com<br>DKoevary@kasowitz-com |

*Counsel for Plaintiff Brett Lorenzo Favre*

/s/ Alex Purvis