# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES**                    **PLAINTIFF**

22-286

**v.**

**MISSISSIPPI COMMUNITY EDUCATION CENTER, INC.**
**NEW LEARNING RESOURCES FOUNDATION, INC.**
**JOHN DAVIS**
**BRIAN JEFF SMITH**
**AUSTIN GARRETT SMITH**
**NANCY WHITTEN NEW**
**ZACHARY W. NEW**
**MAGNOLIA STRATEGIES LLC**
**JESSE STEVEN NEW, JR.**
**FAMILY RESOURCE CENTER OF NORTH MISSISSIPPI, INC.**
**CHRISTI H. WEBB**
**AMY S. HARRIS**
**TED M. DIBIASE, SR.**
**HEART OF DAVID MINISTRIES, INC.**
**TED M. ("TEDDY") DIBIASE, JR.**
**PRICELESS VENTURES LLC**
**FAMILIAE ORIENTEM LLC**
**BRETT DALE DIBIASE**
**RESTORE2 LLC**
**ADAM ANDREW SUCH**
**SBGI, LLC**
**NICHOLAS CRONIN COUGHLIN**
**NCC VENTURES LLC**
**PAUL VICTOR  LACOSTE**
**VICTORY SPORTS FOUNDATION, INC.**
**BRETT LORENZO FAVRE**
**FAVRE ENTERPRISES, INC.**
**MARCUS L. DUPREE**
**MARCUS DUPREE FOUNDATION, INC.**
**JACOB W. VANLANDINGHAM**
**PREVACUS, INC.**
**PRESOLMD, LLC**
**CHASE COMPUTER SERVICES**
**SOUL CITY HOSPITALITY LLC**

1

**Exhibit E**

NORTHEAST MISSISSIPPI FOOTBALL COACHES ASSOCIATION
WARREN WASHINGTON ISSAQUENA SHARKEY COMMUNITY ACTION
    AGENCY
SOUTHTEC, INC.
RISE IN MALIBU, INC.                                    **DEFENDANTS**

## COMPLAINT

The Plaintiff Mississippi Department of Human Services, upon proof before a jury

of the allegations set forth in this Complaint and through a resulting judgment for

damages against each of the Defendants named above, seeks the return, to the public

purposes of the Temporary Assistance for Needy Families ("TANF") anti-poverty

program, of over $20 million in public funds diverted by and for the "TANF Defendants"

(as that term is defined below) from the statutory purposes of that program and

squandered by and for their enrichment and for other private purposes incompatible with

the TANF statutes of the United States, with the TANF statutes of Mississippi, and with

the alleviation of poverty.

## I. PARTIES

1.     The Plaintiff Mississippi Department of Human Services ("MDHS") is an

Agency of the State of Mississippi, designated by Mississippi statutes, including

*Mississippi Code Ann.* § 43-17-7, as the State agency exclusively responsible within

Mississippi for administering, consistent with federal and Mississippi statutes, the

federally-authorized and federally-funded anti-poverty (or "welfare") program known as

the Temporary Assistance for Needy Families program, or TANF.  The former name of

2

MDHS was the State Department of Public Welfare. The principal state office of MDHS throughout all relevant times has been located, as have the principal offices of the Defendant Mississippi Community Education Center, Inc. and numerous other Defendants herein, in the First Judicial District of Hinds County, Mississippi.

2.    Defendant Mississippi Community Education Center, Inc. ("MCEC"), is a Mississippi corporation, purporting to function as a "non-profit corporation," which may be served herein through service on its Chief Executive Officer, Nancy New, at her residential address of 1800 Sheffield Drive, Jackson, Mississippi, or through service on Defendant Jesse S. New, Jr., at the location of his residence at 5 Sheffield Court, Jackson, Mississippi, or at his office address located at 500 Greymont Avenue, Suite E, Jackson, Mississippi.

3.    Defendant New Learning Resources Foundation, Inc., is a Mississippi corporation, with offices located at 1417 Lelia Drive in Jackson, Mississippi, and may be served herein through service on its Registered Agent, Jesse S. New, Jr., at his residence located at 5 Sheffield Court, Jackson, Mississippi, or at his office address located at 500 Greymont Avenue, Suite E, Jackson, Mississippi.

4.    Defendant Nancy Whitten New is an adult resident of the Jackson, Mississippi area, who may be served with process herein through service on her at her residence of 1800 Sheffield Drive, Jackson, Mississippi 39211-5743, 111 Harper Street, Ridgeland, Mississippi 39157-8675, or P. O. Box 12347, Jackson, Mississippi 39236-2347.

3

5.     Defendant Zachary Whitten ("Zach") New is an adult resident of Ridgeland, Mississippi, and may be served herein through service at his residence of 146 Bridgewater Crossing, Ridgeland, Mississippi 39157-8603.

6.     Defendant Jesse S. New, Jr., an adult resident of Jackson, Mississippi, may be served herein at his residence located at 5 Sheffield Court, Jackson, Mississippi, or at his office address located at 500 Greymont Avenue, Suite E, Jackson, Mississippi.

7.     Defendant Magnolia Strategies LLC, is a Mississippi limited liability company, created by Jesse S. New Jr. in October of 2017 in order to receive TANF funds from MCEC (controlled by his mother, Nancy New), and may be served herein through service on its managing member and owner, the same Jesse S. New, Jr., at the location of his residence located at 5 Sheffield Court, Jackson, Mississippi, or at his office address located at 500 Greymont Avenue, Suite E, Jackson, Mississippi.

8.     Defendant Family Resource Center of North Mississippi, Inc., is a Mississippi corporation, purporting to be a "non-profit corporation," which may be served herein through service on its Registered Agent Amy S. Harris (or its President and Chief Executive Officer, Christi Webb), at its location of 425 Magazine Street, Tupelo, Mississippi (or 507 South Church Street, Tupelo, Mississippi).

9.     Defendant Christi H. Webb is an adult resident of Baldwyn, Mississippi, and may be served herein at her residence located at 836 Mallard Lake Drive, Baldwyn, Mississippi, or at her workplace located at 425 Magazine Street, Tupelo, Mississippi (or 507 South Church Street, Tupelo, Mississippi).

4

10.     Defendant Amy S. Harris, an adult resident of Lee County, Mississippi and an attorney practicing law in Tupelo, Mississippi, can be served herewith through service at her residential address of 4891 Meadow Circle, Belden, Mississippi 38826-9542.

11.     Defendant John Davis, an adult resident of Lincoln County, Mississippi, may be served herewith through service at his residential address of 502 Charles Street, Brookhaven, Mississippi

12.     Defendant Ted M. DiBiase, Sr., is an adult resident of Clinton, Hinds County, Mississippi, who may be served herein at his residence located at 103 Claiborne Drive, Clinton, Mississippi, or at 126 Elllicot Burn, Clinton, Mississippi.

13.     Defendant Heart of David Ministries, Inc., is a Mississippi corporation which purports to be a "non-profit corporation," substantially controlled by Defendant Ted M. DiBiase, Sr., who may be served herein at 103 Claiborne Drive, Clinton, Mississippi, or at 126 Elllicot Burn, Clinton, Mississippi.

14.     Defendant Ted M. ("Teddy") DiBiase, Jr., is an adult resident of Madison, Mississippi, who may be served herein at his residential address of 105 LaSalle Street, Madison, Mississippi, or at 115 Rosedowne Road, Madison, Mississippi.

15.     Defendant Priceless Ventures, LLC, is a Mississippi limited liability company which may be served herein through service on its registered agent (and member and principal), Defendant Teddy DiBiase, Jr., at his same residential addresses of 105 LaSalle Street, Madison, Mississippi, or 115 Rosedowne Road, Madison, Mississippi.

16.     Defendant Familiae Orientem LLC, a Mississippi limited liability company

5

the managing member and principal of which is also Defendant Teddy DiBiase, Jr, and

therefore may be served at the same residential addresses of 105 LaSalle Street, Madison,

Mississippi, or 115 Rosedowne Road, Madison, Mississippi.

17.     Defendant Brett D. DiBiase is an adult resident of Clinton, Mississippi, and

may be served herewith through service at his residential address of 110 Navajo Circle,

Clinton, Mississippi 39045.

18.     Defendant Restore LLC is a Mississippi limited liability company owned

by Defendant Brett D.DiBiase, and may be served herewith through service on Brett D.

DiBiase at the above residential address, or on the LLC's registered agent, LEGALINC

Corporate Services, Inc., located at 4780 Interstate 55 North, Suite 100, Jackson,

Mississippi 39211.

19.     Defendant Adam Andrew Such, an adult resident of Raymond, Mississippi,

may be served herein through service at his residential address of 200 Cedar Valley Road,

Raymond, Mississippi.

20.     Defendant SBGI, LLC, is a limited liability company of which the sole

managing member and owner is Adam Andrew Such, and may be served herein through

service on Adam Andrew Such at his residential address of 200 Cedar Valley Road,

Raymond, Mississippi.

21.     Defendant Nicholas Cronin Coughlin, an adult resident of Ridgeland,

Mississippi, may be served herein at his residential address of 206 Woodrun Cove,

Ridgeland, Mississippi.

6

22.     Defendant NCC Ventures LLC, a limited liability company of which Defendant Nicholas C. Coughlin is the managing member and owner, may be served herein through service on Nicholas Coughlin at his residential address of 206 Woodrun Cove, Ridgeland, Mississippi.

23.     Defendant Defendant Paul V. Lacoste, a resident of Madison, Mississippi, may be served herein through service at his residential address of 208 Belle Rose Circle, Madison, Mississippi, or at 2349 Twin Lakes Circle, Jackson, Mississippi.

24.     Defendant Victory Sports Foundation, Inc., a Mississippi corporation purporting to be a "non-profit corporation," may be served herein through service on its Registered Agent, X. M. Frascogna III, at the location of 4400 Old Canton Road, Suite 220, Jackson, Mississippi.

25.     Defendant Brett L. Favre, an adult resident of Lamar County, Mississippi, may be served herein through service at his principal residential address of 7698 U.S. Highway 98 West, Sumrall, Mississippi, or at his business addresses of 1 Willow Bend Drive, Hattiesburg, Mississippi, or 8 Crane Park, Hattiesburg, Mississippi.

26.     Defendant Favre Enterprises, Inc., is a Mississippi corporation which may be served herein through service on its President, Defendant Brett L. Favre, at his principal residential address of 7698 U.S. Highway 98 West, Sumrall, Mississippi, or at his business addresses of 1 Willow Bend Drive, Hattiesburg, Mississippi, or 8 Crane Park, Hattiesburg, Mississippi.

27.     Defendant Marcus L. Dupree, a resident of Madison County, Mississippi,

may be served with process herein through service at his residential address of 240 Highland Hills Lane, Flora, Mississippi.

28.    Defendant Marcus Dupree Foundation, Inc., a Mississippi corporation purporting to be a "non-profit corporation," can be served herein through service on its President, Defendant Marcus L. Dupree, at his residential address of 240 Highland Hills Lane, Flora, Mississippi.

29.    Defendant Jacob W. ("Jake") VanLandingham, an adult resident of Tallahassee, Florida, who personally solicited securities investments in Mississippi, as described below, may be served herein through service at the following physical addresses all located within Tallahassee, Florida: 2035 East Paul Dirac Drive; 5430 Pedrick Crossing Drive; 338 Ruger Court; 2570 Manassas Way, or 2006 Longview Drive.

30.    Defendant Prevacus, Inc., is a for-profit corporation established under the laws of Delaware, which (through conduct described below) solicited investments in Mississippi, and which maintains its principal place of business in Tallahassee, Florida, in which it may be served herein through service on its Registered Agent and Chief Executive Officer, Defendant Jacob W.VanLandingham, at the following addresses all within Tallahassee, Florida: 1400 Village Square Boulevard, Suite 3 No 414; 2035 East Paul Dirac Drive; 5430 Pedrick Crossing Drive; 338 Ruger Court; 2570 Manassas Way, or 2006 Longview Drive.

31.    Defendant PreSolMD, LLC, is a Florida limited liability company, located at 1400 Village Square Boulevard, Suite 3, No 414, Tallahassee, Florida, which solicited

8

investments in Mississippi, through conduct on its behalf as described below, and may be served herein through service on its Registered Agent, Defendant Jacob W. Vanlandingham, at the following addresses all within Tallahassee, Florida: 1400 Village Square Boulevard, Suite 3 No 414; 2035 East Paul Dirac Drive; 5430 Pedrick Crossing Drive; 338 Ruger Court; 2570 Manassas Way, or 2006 Longview Drive.

32.     Defendant Chase Computer Services, Inc., is a Mississippi for-profit corporation which may be served with process at its principal business address of 398 East Main Street, Tupelo, Mississippi 38804.

33.     Soul City Hospitality LLC, is a Mississippi limited liability company which may be served herewith through service on its principal business address of 3317 North State Street, Jackson, Mississippi 39216.

34.     Defendant Northeast Mississippi Coaches Association ("NEMCA") is a voluntary association which maintains its principal place of business at the address of 512 North 4th Street, Baldwyn, Mississippi 38824.

35.     Defendant Warren Washington Issaquena Sharkey Community Action Agency ("WWISCAA"), is a Mississippi non-profit corporation which may be served herewith at its principal operating address of 525 North Broadway Street, Greenville, Mississippi 38701.

36.     Defendant Southtec, Inc., is a Mississippi for-profit corporation which may be served at its principal business address of 1936 East Main Street, Tupelo, Mississippi 38804.

37.     Defendant Rise in Malibu, Inc., is a California corporation which may be served herewith through service at its principal place of business at the location of 27551 Pacific Coast Highway, Malibu, California 90265.

38.     Defendant Brian J. Smith, an adult resident of Lincoln County, Mississippi, may be served herein at his residential address of 502 Charles Street, Brookhaven, Mississippi.

39.     Defendant Austin G. Smith, a resident of Lincoln County, Mississippi,  may be served herein through service at 502 Charles Street, Brookhaven, Mississippi, or 515 Pine Drive, Brookhaven, Mississippi, or at 115 Mulherrin Drive, Madison, Mississippi.

## II. LEGAL REQUIREMENTS FOR USE OF TANF FUNDS

40.     The TANF program was created by the United States Congress in 1996 through the "Personal Responsibility and Work Opportunity Reconciliation Act of 1996," 110 Stat. 2105.  The portion of that Act of relevance to the contractual obligations of MCEC and FRC herein, and to the monetary transfers by those MDHS "subgrantees" to other Defendants herein, has been codified during all relevant times as 42 United States Code § 601(a), which authorizes "grants" of TANF funds to States to be used by each State, pursuant to a TANF "State Plan" to be approved by federal authorities, for the purpose of "operating a program designed" to -

"(1) provide assistance to *needy families* so that children may be cared for in their own homes or in the homes of relatives;"

"(2) end the dependence of *needy parents* on government benefits by promoting

10

job preparation, work, and marriage;"

"(3) prevent and reduce the incidence of *out-of-wedlock pregnancies* and establish annual numerical goals for preventing and reducing the incidence of these pregnancies;" and

"(4) encourage the formation and maintenance of *two-parent families*."

42 U.S.C. § 601(a)(emphasis added).

    41.    By statute in Mississippi, in turn, "(t)he purpose of the Mississippi

Temporary Assistance to Needy Families (TANF) program shall be," and is thus limited

by Mississippi law to, the following purposes, exclusive of all other purposes:

"(a) Provide assistance to *needy families* so that children may be cared for in their own homes or in the homes of relatives when such care is beneficial and may be monitored on a random basis by the Department of Human Services or the State Department of Health;"

"(b) End the dependence of *needy families* on government benefits by promoting job preparation, work and marriage through, among other things, job placement, job training and job retention;"

"(c) Prevent and reduce the incidence of *out-of-wedlock pregnancies* and establish annual numerical goals for preventing and reducing the incidence of these pregnancies;"

"(d) Encourage the formation and maintenance of *two-parent families*;" and

"(e) Prevent program fraud and abuse."

*Mississippi Code Ann.*§ 43-17-1(4)(emphasis added). That language from that

Mississippi statute shall hereafter be referred to in this Complaint as "lawful TANF

purposes."

    42.    The Plaintiff MDHS has periodically issued, and submitted and achieved

federal approval of or acquiescence in, TANF State Plans explaining in additional detail

how the lawful TANF purposes could be pursued in Mississippi through subgrants and

other measures. No such TANF State Plan purported to exceed, had any legal authority to

exceed, or exceeded, the scope of the lawful TANF purposes set forth in the statutory

language quoted in Paragraphs 40 and 41 above. Indeed, by Mississippi statute MDHS

only had "authority to formulate state plans consistent with state law as necessary to

administer and operate federal grant funds which provide temporary assistance for needy

families with minor children under Title IV-A of the federal Social Security Act."

*Mississippi Code. Ann.* § 43-17-1(2).

43.    For the same reasons of Mississippi statutory law, no expenditure or use of

any funds appropriated to pursue lawful TANF purposes, by MDHS or by any subgrantee

or contractor of MDHS (directly or through any other subcontractor), or by any Defendant

herein, could lawfully be expended or distributed except to achieve those lawful TANF

purposes.

### III. DEFENDANTS' DUTIES AND KNOWLEDGE

44.    Beginning in August of 2015, and throughout all times relevant to the

allegations below, Defendant MCEC entered and maintained TANF "subgrant contracts"

directly with MDHS, each of which was explicitly identified on its face as a "TANF

Subgrant" contract. Each such TANF Subgrant contract recited the federal TANF statute,

repeated language from the federal and state definitions of legal TANF purposes, and

specified that MCEC was obligated in its administration of TANF funds to comply with

all federal Code of Federal Regulations provisions and all MDHS regulations concerning TANF and the expenditure of federal and state funds, and was further obligated to comply with the MDHS Subgrant/Contract Manual. In Subgrant contract language addressing "use of funds" by persons with whom MCEC entered "second tier" subcontracts for any services with the use of its TANF Subgrant funds, each MCEC/MDHS Subgrant contract obligated MCEC  to require that "the funds obligated under" the Subgrant contracts be "used to support the Contracts/Subcontracts for the provision of only such services authorized under this (TANF Subgrant) Agreement."

45.     Also beginning in August of 2015, and throughout all times relevant to the allegations below, Defendants FRC and Webb, acting in coordination with Defendants MCEC and Nancy New, and purporting to focus principally on services to Mississippi counties separate from MCEC, entered and maintained directly with MDHS FRC's own TANF "subgrant contracts," each of which was likewise explicitly identified on its face as a "TANF Subgrant" contract. As with MDHS/MCEC TANF Subgrant contracts, each such TANF Subgrant contract between MDHS and FRC recited the federal TANF statute, repeated language from the federal and state definitions of legal TANF purposes, and specified that FRC was obligated in its administration of TANF funds to comply with all federal Code of Federal Regulations provisions and all MDHS regulations concerning TANF and the expenditure of federal and state funds, and was further obligated to comply with the MDHS Subgrant/Contract Manual. In Subgrant contract language addressing "use of funds" by persons with whom FRC entered "second tier" subcontracts for any

services with the use of its TANF Subgrant funds, each FRC/MDHS Subgrant contract

obligated FRC to require that "the funds obligated under" the Subgrant contracts be "used

to support the Contracts/Subcontracts for the provision of only such services authorized

under this (TANF Subgrant) Agreement."

46.     Each of the remaining Defendants in this case knew, at the times they

agreed to the transfers of funds by MCEC or FRC itemized in Tables 1, 2 and 3 below,

that the source of the funds they were receiving (or were otherwise agreeing to have

transferred) was not the personal wealth of Defendant Nancy New, Defendant Christi

Webb, or any other private person or entity, earned personally through private sector

activities or otherwise.

47.     Each of the TANF Defendants knew during the same periods of time that

the source of funds being dispensed to them by MCEC and/or FRC was indirectly MDHS,

and that MDHS was a State government agency which was not designed or authorized to

donate public funds for the private enrichment of wealthy individuals or organizations.

("TANF Defendants" when used in this paragraph and hereafter shall mean the

Defendants whose names appear in Column "A" of Tables 1, Table 2 or Table 3 below).

48.     Each of the TANF Defendants who received the transfers of funds itemized

in Tables 1, 2 and 3 below, in entering their respective contracts with MCEC or FRC to

perform purported services, was under an affirmative duty under the common law of

Mississippi  to exercise reasonable care with respect to all material aspects of their

contractual performance, including a duty affirmatively to inquire into what statutes and

regulations governed their performance of any such service contract.

49.     Each of the TANF Defendants in this case knew, or should (and would) have known in the exercise of reasonable care in the performance of their contractual obligations to MCEC or FRC, that the ultimate or original source of funds received by them was the United States Government, acting through the Plaintiff MDHS as grantee, and that the fact of such a federal source inherently and foreseeably carried with it some federal restrictions on the private use of such funds.

50.     Each of the TANF Defendants in this case knew, or should (and would) have known in the exercise of reasonable care in the performance of their contractual obligations to MCEC or FRC, that only persons with a special skill in relation to lawful TANF purposes could properly be engaged as consultants or contractors and paid by MCEC or FRC with TANF funds. Indeed, as any reasonable person would expect, federal law provides that only persons (a) who "possess a special skill" and (b) whose charges or fees are "reasonable in relation to the services rendered" are allowed by law to be paid with federal funds. 2 CFR § 200.459(a).

51.     None of the Defendants in this case who received funds from MCEC or FRC, as itemized in Tables 1, 2 and 3 below, had any special skill in relation to the pursuit of lawful TANF purposes, as each of them knew.

52.     As each of the TANF Defendants in this case also knew, each was selected to receive TANF funds as described in Tables 1, 2 and 3 below, without regard for their lack of experience or qualifications in regard to lawful TANF purposes.

15

53.     Apart from those Defendants who were selected to receive TANF funds because they were John Davis or Nancy New family members (or for-profit entities controlled by New), the principal skills or experiences of the remaining TANF Defendants were in wrestling (in the cases of Defendants Ted DiBiase Sr.,Ted ("Teddy") DibBiase Jr. and Brett DiBiase), football (in the cases of Defendants Favre, Dupree and LaCoste), or drug research (in the cases of VanLandingham, Prevacus and PreSolMD).

54.     Each TANF Defendant knew, or should (and would) have known if they had exercised reasonable care in the performance of their contractual obligations to MCEC or FRC, that they could only lawfully be engaged to perform services to be paid for by TANF funds if they were selected through "formal procurement methods" involving "public advertising" of requests for written proposals in competition with other proposals, with "price and other factors considered" and resulting in their selection. 2 CFR 200.320(b). Indeed, as any reasonable citizen would expect, federal regulations governing uses of originally federal funds require, as set forth in Section 6 of the MDHS Subgrant/Contract Manual, that "all procurement transactions shall be conducted in a manner that provides maximum open and free competition consistent with applicable federal law."

55.     Each TANF Defendant in this case received TANF funds, itemized in Tables 1, 2 and 3 below, without ever participating in any competitive decision-making process with respect either to their qualifications or to their prices or fees, in violation of such federal and Mississippi regulations, and also in violation of both TANF Subgrant

16

contracts entered by MDHS with both MCEC and FRC .

56.     Each of the Defendants in this case accordingly knew, or should (and would) have known in the exercise of reasonable care in the performance of their contractual obligations to MCEC or FRC, that the Plaintiff MDHS had supplied the relevant governmental funds to MCEC or FRC, and thus that MDHS (along with each potential recipient of lawful TANF services) was the third-party beneficiary of each of their resulting contracts with each of the Defendants who received (or benefitted from the receipt of) such funds.

57.     Each of the TANF Defendants in this case also knew, or should (and would) have known in the exercise of reasonable care in the performance of their contractual obligations to MCEC or FRC, that the federal funds distributed to them were funds required by statute to be spent only for lawful TANF purposes (and thus federal and state "welfare" purposes), and could not lawfully be transferred to any of the Defendants primarily or solely for their private financial enrichment.

58.     Embedded and incorporated implicitly into the terms of each of the contracts entered (or caused to be entered) with MCEC and/or FRC by each of the Defendants in this case was the substantive Mississippi TANF statute *Mississippi Code Ann.* § § 43-17-1(4), for the reason that all such contracts resulted from governmental grants and were entered inherently against the backdrop of, and in order to achieve, lawful TANF purposes.

59.     Accordingly, each of the Defendants in this case knew, or should (and

17

would) have known in the exercise of reasonable care in the performance of their

particular contractual obligations to MCEC or FRC, that embedded and incorporated

implicitly into the terms of each of their contracts with MCEC or FRC, as a matter of law,

were the TANF statutory and related regulatory obligations set forth in Section II above.

60.    Each of the TANF Defendants in this case breached (or caused an entity

which they controlled to breach) their respective contracts with MCEC and/or FRC, by

using such funds for purposes substantially unrelated to and inconsistent with lawful

TANF purposes.

61.    Each of the TANF Defendants agreed to enter (or to cause to be entered)

agreements to cause, and participated in overt acts which caused, MCEC and/or FRC to

breach their respective TANF subgrant contracts with MDHS.

## IV. CORRUPT AGREEMENT
## BETWEEN JOHN DAVIS AND NANCY NEW

62.    Beginning in 2016, and continuing through 2019, then-MDHS Executive

Director John Davis and Nancy New agreed with one another that Davis would disregard

all legal requirements pertaining to lawful TANF purposes in order to facilitate and

support transfers by New through MCEC of TANF funds to entities owned by New, to

New family members, and to friends of New, in exchange for New's promise and

willingness to disregard the same lawful TANF purposes in order to facilitate transfers by

MCEC and FRC of TANF funds to family members and friends of John Davis.

63.    In agreeing with Nancy New to disregard lawful TANF purposes in order to

18

enrich his own family members and personal confidants, and in facilitating each of the
transfers to Defendants itemized in Tables 1, 2 and 3 below, John Davis violated,
betrayed, acted outside the scope of, and acted incompatibly with, his core statutory duties
as MDHS Executive Director to the Plaintiff MDHS, to the State of Mississippi, and to all
potential recipients of lawful TANF services.

64.      That illegal *quid pro quo* agreement and conspiracy between Davis and
New resulted in all of the transfers of TANF funds for non-TANF purposes, by
Defendants  MCEC, Nancy New, Zachary New, FRC and Webb, to each of the remaining
TANF Defendants in this case as itemized in Tables 1, 2 and 3 below.

65.      In facilitating the transfers of TANF funds for non-TANF purposes
itemized in Tables 1, 2 and 3 below, John Davis consistently made communications and
undertook actions which, as a matter of law, were *ultra vires*, void, and legally incapable
of binding the Plaintiff MDHS or the State of Mississippi.

66.      Each of the transfers of TANF funds for non-TANF purposes itemized in
Tables 1, 2 and 3 below was a payment of a sum, under a state and federally funded
assistance program, to each of the TANF Defendants (in the amounts and to the extent
itemized in such Tables), made as a result in part of fraudulent conduct and
misrepresentations by John Davis and Nancy New arising out of their corrupt *quid pro
quo* agreement, such that each amount of each such transfer is now a debt due to Plaintiff
MDHS and is recoverable from each such Defendant or recipient within the meaning and
purpose of *Mississippi Code Ann.* § 43-1-27(1).

## V. ILLEGAL DIVERSIONS OF TANF FUNDS
## TO ENRICH JOHN DAVIS FAMILY AND FRIENDS:

67.    Each of the Defendants named in Column A of Table 1 below agreed to,

and did through the overt acts of the transfers identified in the remaining columns of

Table 1, cause the diversion of TANF funds from MCEC or FRC (or, in the case of Ted

DiBiase Sr., directly from MDHS) to the recipients named in Column B to the immediate

right of each such line within Column A, of the amount of TANF funds identified to the

right thereof in Column C, for the non-TANF purposes identified to the right thereof in

Column D, during the periods of time identified to the right thereof in Column E, all for a

joint purpose of enriching family members or close personal associates of John Davis,

then the Executive Director of MDHS, in order effectively to bribe Davis corruptly and

unlawfully to approve or allow the further illegal diversions of TANF funds itemized in

Tables 2 and 3 below:

**TABLE 1:**

| A | B | C | D | E |
|---|---|---|---|---|
| **Defendants Who Agreed to Diversion of TANF Funds to Non-TANF Purposes:** | **Recipients of Diverted TANF Funds:** | **Amount of TANF Funds Diverted:** | **Non-TANF Purpose of Transfer:** | **Date of Transfer Diverting TANF Funds:** |
| Brian J. Smith (Davis brother-in-law), Nancy New and John Davis | Brian J. Smith | $150,000 | Enrichment of Brian Smith (under guise of "Outreach Coordinator" services) | June 2018 |

| Brian J. Smith and Christi Webb | Brian J. Smith | $93,600 | Enrichment of Brian Smith (under guise of providing "Services" as FRC "Employee") | July 2018 |
|---|---|---|---|---|
| Brian J. Smith, Nancy New and John Davis | Brian J. Smith | $365,000 | Enrichment of Brian Smith (under guise of "Lease" of non-existent property in Brookhaven, Miss.) | February 2019 |
| Austin G. Smith (nephew of John Davis) Christi Webb and John Davis | Austin Smith | $86,127. | Enrichment of Austin Smith (under guise of "Services" as FRC "Employee") | October 2017 to July 2018 |
| Austin G. Smith and Christi Webb | Austin Smith | $130,000. | Enrichment of Austin Smith (under guise of "coding" services) | July 16, 2018 |
| Austin G. Smith, Nancy New and John Davis | Austin Smith | $70,770 | Enrichment of Austin Smith (under guise of providing "Services" as MCEC "Employee") | July 2018 to Feb. 2019 |
| Austin G. Smith, Nancy New and John Davis | Austin Smith | $139,500 | Enrichment of Austin Smith (under guise of providing "Data Coordination Services") | February 2, 2019 |
| Ted ("Teddy") DiBiase, Jr., Priceless Ventures LLC, Webb, Nancy New & John Davis | Ted DiBiase (through Priceless Ventures LLC) | $2,197,487* | Enrichment of Teddy DiBiase (under guise of providing "leadership training") | July 2017 through June 2019 |
| Ted ("Teddy") DiBiase Jr. and Familiae Orientem LLC, Christi Webb John Davis & Nancy New | Ted DiBiase Jr. (through Familiae Orientem LLC) | $700,000. | Enrichment of Teddy DiBiase (under guise of supporting "inner city youth") | June 2018 ($350,000) and August 2018 (another $350,000) |

21

| Adam Such, SBGI LLC, Teddy DiBiase, Christi Webb, John Davis & Nancy New | Adam Such (through SBGI LLC) | $250,000 | Enrichment of Adam Such (under guise of creating "Center for Excellence") | August 28, 2017 |
|---|---|---|---|---|
| Brett DiBiase, John Davis, Nancy New & Christi Webb | Brett DiBiase ($48,000 through DiBiase's entity Restore 2 LLC; $160,000 through fee payments to Rise in Malibu. Inc.) | $824,255 | Enrichment of Brett DiBiase (under guise of payments for "training" not rendered, and treatment for substance abuse) | Sept 2017 - July 2019 (for work not performed) Dec. 2018 (abuse training not performed) Feb-June 2019 (treatment fees) |
| Nicholas Coughlin, NCC Ventures LLC, Teddy DiBiase Jr., Brett DiBiase, Christi Webb, Nancy New & John Davis | Nicholas Coughlin (through NCC Ventures LLC) | $168,733 | Enrichment of Nick Coughlin (under guise of engaging in "conversations with industry leaders" and related non-TANF activities) | 11/2017 - 4/2018 ($49,999 from FRC), 4-9/2018 ($72,900 from MDHS), & 2-7/2018 ($45,833 from MCEC) |
| Ted DiBiase Sr., Heart of David Ministries, Inc., Ted DiBiase Jr. & John Davis | Ted DiBiase Sr. (through "Heart of David Ministries Inc.") | $1,721,223 | Enrichment of Ted DiBiase, Sr. (under guise of "leadership, mentorship, advertising, public relations, marketing and branding campaign" services) | 2017 and 2018 |
| Ted DiBiase Sr., FRC, Webb & Harris | Ted DiBiase Sr. (through "DiBiase Development Inc.") | $250,000 | Enrichment of Ted DiBiase, Sr. (under guise of paying for "motivational speeches") | August 2017 |

| Northeast Mississippi Football Coaches Association, John Davis & Nancy New | NEMFCA | $30,000. | Donation and Reward Directed by John Davis in consideration of Association having Ted DiBiase Jr. as Banquet Speaker | 1/22/2019 |
|---|---|---|---|---|

*($497,987 of the $2,447,487 transferred to Teddy DiBiase through Priceless Ventures LLC was diverted not from TANF funds, but from separate federal "emergency food assistance" funds)

### (A) Davis Brother-in-Law

68.     Beginning in the summer of 2018, and continuing through February of 2019, John Davis proposed, and Christi Webb, Brian Smith and Nancy New agreed, for MCEC and FRC to divert TANF funds for the purpose of enriching Davis's brother-in-law, Defendant Brian Jeff Smith, in amounts which by the end of that nine-month period totaled over $600,000. John Davis and Brian Smith resided at the same address in Brookhaven, Mississippi.

69.     In order to implement the agreement to enrich the brother-in-law of John Davis, Defendants Christi Webb and Brian Smith engaged, with John Davis and Nancy New, in numerous false pretexts for transferring the agreed amounts to Brian Smith, whose sole qualification to receive such TANF funds was that he was the brother-in-law of John Davis.

70.     In June and July of 2018, both MCEC and FRC (through Nancy New and Defendant Webb, respectively) pretended that Brian Smith would be hired by both MCEC and FRC, purportedly acting as a "Leadership Outreach Coordinator" for each of the two entities simultaneously. Brian Smith was then paid TANF funds by both MCEC and FRC

without regard for whether or not he was performing any actual services for either

organization. On June 1, 2018, the first day of Smith's pretended employment by MCEC,

MCEC paid Smith a lump sum amount of $150,000, which was the entire amount due

under his contract. FRC, beginning in July of 2018, also paid Brian Smith an additional

amount of $93,600, with non-TANF federal funds provided to FRC by MDHS

purportedly to support an "Early Childhood Academy," but which was used by

Defendants Webb and FRC to further enrich Brian Smith. Those parties agreed that all

such checks would be made out to "Transformational Ventures LLC," an entity controlled

by Brian Smith and established by him immediately before those checks were issued (and

solely in order to receive those TANF funds).

71.     On February 7, 2019, as a further pretext for getting more TANF funds to

Brian Smith, MCEC signed a purported "lease" agreement with JTS Enterprises LLC, an

additional entity owned entirely by Brian Smith and created by him solely to receive those

funds, and MCEC immediately transferred $365,050 of TANF funds to Brian Smith

through the JTS entity. The "lease" was a sham. The "building" to be "leased", at the

location of 117 W. Cherokee Street in Brookhaven, Mississippi, for the use of which

MCEC purported to pay $365,050 in "lease" payments, did not then exist, as the parties

knew.

### (B) Davis Nephew

72.     John Davis also proposed, beginning in the fall of 2017 and as a further part

of the corrupt agreement described in Section IV above, for MCEC and FRC to transfer

over $400,000 in TANF funds to Davis's nephew (and Brian Smith's son), Defendant

Austin G. Smith. Those transactions were under the pretext that Austin Smith would

teach "coding" skills which, in fact, Austin Smith did not have (and did not know how to

teach). Austin G. Smith resided with Brian Smith and John Davis at the same address in

Brookhaven, Mississippi.

73.     Defendants Christi Webb and Austin Smith agreed with Defendants John

Davis and Nancy New to those transfers to Austin Smith, and acted on that agreement by

causing MCEC and FRC together, between October of 2017 and March of 2019, to

transfer $426,397 predominantly in TANF funds to Austin Smith under the false pretense

that he was earning such payments by teaching coding skills to economically needy

students (both as an employee and as a consultant, to both MCEC and FRC). He was not.

74.     From the timing and nature of their transfers of over $400,000 in TANF

funds to Austin Smith, MCEC and FRC made it obvious that such transfers were not in

exchange for any services actually performed by Austin Smith, or for any services that

Austin Smith, then a 24-year-old with no educational background in lawful TANF

purposes, was qualified to perform.

75.     On July 16, 2018, FRC paid Austin Smith $130,000 in a lump sum

purportedly for "consulting" on "coding" issues that he knew little or nothing about.

Within one day of "engaging" Austin Smith as a "consultant" to "teach" issues of

"coding," FRC paid that lump sum amount to Austin Smith with TANF funds without

regard to whether or not any such services had been, or would ever be, provided. Between

25

October 2017 and July 2018, FRC had also paid Austin Smith as an FRC "employee"

amounts totaling $86,127 purportedly also for teaching coding.

76.     On February 2, 2019, upon first "engaging" him to start "work" as a

"coding" consultant, MCEC for its part paid Austin Smith an additional lump sum of

$139,500 in TANF funds, which was the entire amount due under his MCEC contract for

all future "services" for the following twelve months. MCEC had previously paid Austin

Smith $70,770 as an "employee" of MCEC purportedly to do the same thing. FRC's

payments to Austin Smith both as an "employee" of FRC and as a "consultant" to FRC,

were made during the same periods of time that Christi Webb (and thus FRC) knew that

Austin Smith was also being paid with TANF funds by MCEC both as an "employee" of

and as a "consultant" to MCEC.

### (C) Teddy DiBiase, Jr.

77.     During early 2017, John Davis developed a very strong personal

relationship with Defendant Ted ("Teddy") DiBiase, Jr., a retired professional wrestler

(and, thus, entertainer). Though Teddy DiBiase was not qualified to be a member of the

executive staff of MDHS, and was not in fact employed by MDHS, Davis assigned Teddy

DiBiase an executive title within MDHS of "Director of Sustainable Change," and also

assigned Teddy DiBiase a large executive office space at MDHS, very near the large

office occupied by Davis as Executive Director. Davis also assigned his own MDHS

administrative assistant to serve as the assistant to Teddy DiBiase, as well as assigned

Teddy DiBiase an MDHS email address. At numerous times during 2018 and 2019, John

26

Davis directed MDHS staff to purchase, at State expense, first-class airline tickets and "premier" rooms at luxury hotels in the name of Teddy DiBiase, Jr., so that Teddy DiBiase could accompany John Davis during numerous trips to Washington, D.C., for which Davis was also flying first class on the same flights, and staying (also at State expense) at "premier" rooms at the same luxury hotels.

78.     Also beginning in early 2017, John Davis proposed to Nancy New and Christi Webb that MCEC and FRC enrich Teddy DiBiase by paying him millions of dollars in TANF funds. Nancy New, Christi Webb, Amy S. Harris, and Teddy DiBiase all agreed to such transfers, and to the overt acts of implementing that agreement through the transfers itemized in Table 1 above.  Teddy DiBiase formed Priceless Ventures LLC on May 11, 2017, solely in order to receive such TANF funds for his own enrichment.

79.     Acting overtly to implement that corrupt agreement, Defendants Christi Webb, Amy S. Harris, and FRC caused Defendant FRC first to transfer $250,000 in TANF funds to Teddy DiBiase individually on August 28, 2017, and also caused FRC to transfer to Defendant Priceless Ventures, LLC, and thus to the benefit of Teddy DiBiase, $1,497,987, between June 1, 2017 and August 30, 2018.

80.     In still a further effort to implement the same corrupt agreement, Defendants Christi Webb caused Defendant FRC to enter with Teddy DiBiase, on June 26, 2018, a further "Agreement" with still another entity owned and controlled by Teddy DiBiase, namely the Defendant Familiae Orientem LLC. Pretending that Teddy DiBiase, on behalf of Familiae Orientem LLC, would "address the multiple needs of inner-city

27

youth," that Agreement provided that FRC would "provide the sum of $1,000,000 to FO (Familiae Orientem LLC) for services" during the one-year period following June 26, 2018. That limited liability company was created on June 25, 2018, within one day of the signing of that Agreement, solely in order for Teddy DiBiase to receive that $1 million in TANF funds.

81.     Further acting overtly to implement the same corrupt agreement, Defendant Christi Webb caused Defendant FRC to pay to Familiae Orientem in fact (and thus indirectly to the benefit of Teddy DiBiase) $700,000 in TANF funds during the two-month period between June 26, 2018 and August 23, 2018.

82.     Acting overtly to implement the same corrupt arrangement, MCEC diverted $699,500 in TANF funds to Teddy DiBiase through the entity Defendant Priceless Ventures, LLC, owned and controlled by Teddy DiBiase, Jr., between May of 2018 and June of 2019.

83.     As a part of the false pretext that such transfers of TANF funds to Teddy DiBiase Jr. were for actual services by Teddy DiBiase or his organization, MCEC entered a purported "Services Agreement" with Priceless Ventures LLC, effective October 1, 2018, "to authorize" Teddy DiBiase "to provide Law of 16 personal development and professional leadership training." In fact, neither Teddy DiBiase, nor any other person acting for Priceless Ventures LLC, provided, or was qualified by special skills to provide any services consistent with lawful TANF purposes as defined above. Defendant Teddy DiBiase, who spent most of his workday hours accompanying John Davis at MDHS

28

offices and on trips, made no substantial effort to supply any such contractual services, either as an individual or through any organization or entity.

84.     Teddy DiBiase was thereby paid (directly or indirectly) over $3 million by MCEC and FRC in federal anti-poverty funds over a two-year period, but not in exchange for services actually performed by Teddy DiBiase. That fact was rendered obvious by the fact that duplicate payments were made by two different entities (namely Defendants MCEC and FRC) to two different entities (namely Defendants Priceless Ventures LLC and Familiae Orieintem) with respect to purported services which, had they been rendered at all, would have been rendered only once by only one person or entity.

85.     On December 7, 2018, Defendant Jesse S. New, Jr., the son of Nancy New and an attorney, through his own communications directly with John Davis and in an obvious attempt to please MDHS Executive Director Davis on a matter known by Jesse New to be of value to Davis, volunteered to assist Davis in transferring additional TANF funds to Teddy DiBiase Jr., to be accomplished by establishing new (or "reorganizing" defunct) legal entities controlled by Teddy DiBiase through which Teddy DiBiase could receive additional TANF funds.

### (D) Brett DiBiase

86.     Defendant Brett DiBiase, a brother of Defendant Ted DiBiase Jr. and son of Defendant Ted DiBiase Sr., was an employee of MDHS from March 2017 through September of 2017. During many months after his departure from MDHS employment, however, Defendant John Davis included Brett DiBiase on numerous emails concerning

29

confidential information internal to MDHS operations.

87      John Davis, Nancy New and Brett DiBiase agreed beginning in September
of 2017 for Brett DiBiase to be paid by MCEC in TANF funds an annual salary of over
$250,000, resulting in total payments by MCEC to Brett DiBiase, between September of
2017 and August of 2019, of $486,258. MCEC paid these salary amounts to Brett
DiBiase during that entire period even though, during a substantial number of months
Brett DiBiase was also being paid at a full-time rate by Defendant FRC, and was
engaged himself in full-time treatment for substance abuse in California.

88.      Indeed Defendant FRC, knowing that Brett DiBiase was also being paid
a very substantial annual salary by MCEC during the same period, paid Brett DiBiase an
additional lump-sum amount of $130,000 in TANF funds on June 26, 2018, purportedly
for Brett DiBiase also to perform substance abuse training on behalf of FRC.

89.      On or about December 12, 2018, Defendant John Davis, knowing that
Defendant Brett DiBiase was already being paid substantial TANF funds (at the
insistence of Davis) by both MCEC and FRC, signed an agreement between MDHS and
Defendant Restore2 LLC, a Mississippi limited liability company created and owned by
Brett DiBiase for the purpose of receiving such funds, under which MDHS paid Restore2
LLC (and thus, indirectly, Brett DiBiase) a further amount of $48,000 between January
2019 and March 2019. Purportedly the additional $48,000 payments by MDHS itself to
Defendant Restore2 LLC were in exchange for training by Brett DiBiase in avoiding or
overcoming substance abuse. No such training was offered by Brett DiBiase (or otherwise

30

by Restore2 LLC), in part because during much of the same period the same Brett
DiBiase was being treated himself for substance abuse by Defendant Rise in Malibu, Inc.,
in Malibu, California.

90.     As known by John Davis, Nancy New, Christi Webb, and Brett DiBiase,
Brett DiBiase never performed services of any significance which served any lawful
TANF purpose in exchange for any of the total amount of over $600,000 in TANF funds
paid to him by MCEC and FRC, or in exchange for any of the additional $48,000 paid to
him by MDHS through Defendant Restore2 LLC. All such Defendants knew at the time
of contracting with and paying Brett DiBiase that he had neither the training, nor the
capacity, to perform actual services pursuant to such lawful TANF purposes. Nor did he
ever do so.

91.     Beginning in February of 2019, at a time when Brett DiBiase was being
paid substantial TANF funds from three different sources as described above, Defendant
John Davis arranged for Brett DiBiase to become a full-time resident of the treatment
facility owned and operated by Defendant Rise in Malibu, Inc.("Rise in Malibu"),  a self-
described "Malibu Luxury Drug Rehab" facility with "majestic ocean views" and a
"luxury setting" in Malibu, California.

92.     In his discussions directly with representatives of Rise in Malibu, John
Davis assured and guaranteed Rise in Malibu that he, then the MDHS Executive Director,
would personally assure that the facility would be paid its substantial fee if it admitted
Brett DiBiase as a rehabilitation patient.  Davis in fact directed MCEC to pay Rise in

31

Malibu in TANF funds a total of $160,000, through payments of $40,000 each on February 11, 2019, March 7, 2019, April 8, 2019, and June 13, 2019. Rise in Malibu knew that its fees to treat Brett DiBiase were being paid directly by the non-profit MCEC at the direction of John Davis.

93. Davis also directed MCEC to pay for Davis's own expenses in traveling to and from California to meet with Rise in Malibu representatives and Brett DiBiase in February 2019. Nancy New and MCEC agreed to make all such payments, including the expense of John Davis's own "first class" airline trips to and from Malibu, a luxury hotel suite for Davis, and a chauffeured limousine service for Davis. All such payments were funded by MCEC and Nancy New with TANF subgrant funds.

94. As representatives of Defendant Rise in Malibu knew, or should and would have known if they had exercised reasonable care with respect to their duties and performance under their treatment contract entered through John Davis with Brett DiBiase, none of the $160,000 in treatment fees received by Rise in Malibu from MCEC reflected any lawful use of TANF or any other government grant funds. Rise in Malibu in fact received its $160,000 fees through violations of federal and state law, rendering the treatment contract itself unlawful and unenforceable. The decision by Rest in Malibu to receive such payments was itself unlawful, and was a breach by Rise in Malibu of its treatment contract, of which MDHS was the known third-party beneficiary. The agreed conduct of Davis, MCEC, Nancy New, Brett DiBiase, and Rise in Malibu thereby damaged MDHS in the amount of at least $160,000.

## (E) Ted DiBiase, Sr.

95.     Incident to his very close personal relationship with Brett DiBiase and

Teddy DiBiase Jr., and at the urging of Teddy DiBiase, John Davis beginning in May of

2017 also caused more than $1.7 million in additional TANF funds to be delivered and

transferred by MDHS directly to Defendant Ted M. DiBiase Sr., the father of Defendant

Teddy DiBiase Jr. and Brett DiBiase, through an entity controlled by Ted DiBiase Sr.

named Defendant Heart of David Ministries, Inc. (hereafter, "HOD"). As the resulting

TANF subgrant contract documents between MDHS and HOD themselves noted, as

presumably relevant to HOD's qualifications to receive over $1 million in TANF funds,

Ted M. DiBiase Sr. was "formerly known as 'Million Dollar Man' in the professional

wrestling and entertainment world."

96.     The amounts of TANF funds diverted to Ted DiBiase Sr. and HOD,

between May of 2017 and December of 2019, and never returned by HOD to MDHS, in

fact totaled $1,721,223.49. The first TANF grant by MDHS to HOD commenced on May

1, 2017, while the second TANF grant to HOD commenced on October 1, 2018.

Defendants Ted DiBiase Sr. and HOD knew that all such funds were required to be used

exclusively to pursue lawful TANF purposes, as both of the contracts they entered with

MDHS were explicitly "TANF" subgrant contracts, and explicitly limited the award of

TANF funds to providing "certain services for the benefit of eligible individuals under"

the federal TANF statute. After receiving TANF funds pursuant to those contracts,

however, they substantially ignored all lawful TANF purposes (and all of the interests of

all potential beneficiaries of lawful TANF services).

97. John Davis ordered payments with TANF funds to HOD without regard to whether or not HOD was using TANF funds to fulfill lawful TANF purposes. Davis continued to authorize such diversions and transfers to HOD even after MDHS examiners documented in a 2018 monitoring review that HOD maintained no personnel files on any employee, and "did not have in place a financial management system that will provide procedures for determining that a cost is allowable and that it may be allocated to an activity (consistent with TANF purposes)." At the demand of Ted DiBiase Sr., Davis ordered MDHS examiners to cease any further efforts to examine activities at HOD. As documented by examiners of the Charities Division of the Mississippi Secretary of State, during the period HOD was receiving TANF funds there was no meaningful board oversight of the HOD organization. Ted DiBiase Sr. was "solely responsible for all aspects of the (purported) charity's finances," and HOD paid for numerous personal expenses apparently incurred by Ted DiBiase Sr., including "multiple flight upgrades," local restaurant meals, debts for a vehicle purchase, and high-dollar but unexplained payments to HOD board members. Though HOD maintained a website, the website content was entirely created at MDHS expense by an employee of MDHS, as ordered by John Davis.

98. Though Defendants Ted DiBiase Sr. and HOD were contractually required to submit to MDHS periodic reports of their performance of tasks consistent with their TANF subgrant contract terms, no such reports of any activities in pursuit of lawful

34

TANF purposes were ever submitted on behalf of HOD to MDHS.

99. Defendants FRC, Christi Webb, Amy S. Harris, and John Davis also agreed with Ted DiBiase Sr., in August of 2017, for FRC to pay Ted DiBiase Sr. an additional $250,000 lump sum in TANF funds purportedly to engage Ted DiBiase Sr. to serve as a "Motivational Speaker," a purpose incompatible with lawful TANF purposes, as all such conspiring parties knew. Immediately before those parties "offered" that $250,000 to DiBiase Sr. for that non-TANF purpose, he had created an entity named DiBiase Development LLC, on July 31, 2017, for the purpose of receiving yet another $250,000 in TANF funds. As overt acts by Christi Webb, Amy S. Harris, and FRC, on or about August 28, 2017, those Defendants issued a lump-sum check in the amount of $250,000 to Ted DiBiase Sr. (through "DiBiase Development LLC"). Upon his receipt thereof, Defendant Ted DiBiase Sr. emailed his two sons, Defendants Ted DiBiase Sr. and Brett DiBiase, and remarked to them: "Look what I got today!"

### (F) Adam Such

100. On or about May 23, 2017, Teddy DiBiase Jr. introduced John Davis to Defendant Adam Such, and urged Davis to arrange for Such to get substantial TANF funds without having to compete with any other supplier of any service. Such, in fact, had no special skill in performing any lawful TANF purpose.

101. Davis promptly agreed to implement that proposal by Teddy DiBiase, and urged Defendant Christi Webb to get $250,000 in TANF funds to Defendant Such, through an entity which Such owned and controlled, Defendant SBGI LLC.

35

102.    Defendant Webb promptly  agreed to do so, and caused FRC to pay

$250,000 in TANF funds to Defendant Adam Such, through Defendant SBGI, LLC on

August 28, 2017, without regard for whether or not Such or SBGI LLC had performed or

would perform any activity implementing lawful TANF purposes. Indeed, Webb and FRC

paid Such and SBGI the lump sum of $250,000 during the first month of their contract

with FRC, which on its face appeared to engage Such and SBGI for one year of services

to begin on August 1, 2017.

103.    Though documents were created by Webb, FRC, Such and SBGI to pretend

that activities related to a "Center for Excellence" and a "referral network" were to be

accomplished by Such and SBGI, nothing of substance was expected of or delivered by

Such or SBGI in exchange for FRC's up-front transfer of $250,000 in TANF funds to

Such and SBGI. Certainly neither Such nor SBGI performed any service in pursuit of

lawful TANF purposes. Given their true purpose of getting Defendant Such $250,000 in

TANF funds as an end in itself - because that is what Teddy DiBiase wanted - neither

DiBiase, nor Davis, nor Webb, nor Such, nor SBGI, expected or required Such to go and

learn how to serve, or to serve, any lawful TANF purpose.

### (G) Nick Coughlin

104.    On August 17, 2017, Defendant Brett DiBiase communicated to John Davis

a resume for Defendant Nicholas ("Nick") Coughlin, a business associate of Brett

DiBiase's brother, Defendant Teddy DiBiase.

105.    Davis promptly scheduled a meeting between Davis and Nick Coughlin for

August 22, 2017, at which Davis proposed that Coughlin be paid substantial grant funds by and through MDHS, though Coughlin had no special skill or experience in pursuing any lawful TANF purpose.

106. Solely in order to receive the promised TANF funds, Defendant Coughlin on September 6, 2017 created Defendant NCC Ventures LLC, which Coughlin controlled and owned. Coughlin also proceeded to rig the required MDHS bidding ("request for proposals") process by forwarding to MDHS contact information about two out-of-state entities to which Coughlin urged MDHS to send "requests for proposals" nominally in competition with NCC Ventures LLC, but which Coughlin knew would not submit competitive proposals. Coughlin thereby made a purportedly competitive proposal process into a sham in order for Coughlin to receive the TANF funds.

107. Davis proposed to Defendant Webb that FRC pay TANF funds to Coughlin, and Webb (and thus FRC) agreed for FRC to enter a contract with NCC Ventures to begin on November 1, 2017, as a result of which FRC paid NCC Ventures (and thus Coughlin) $49,999.98 in TANF funds.

108. Davis also proposed to Nancy New that MCEC also pay TANF funds to Coughlin, and MCEC agreed, paying NCC Ventures (and thus Coughlin) $45,833.27 in TANF funds between February 26, 2018 and July 24, 2018.

109. Davis also arranged for MDHS itself to pay NCC Ventures (and thus Coughlin) $72,900.00 in TANF funds between April 13, 2018 and September 14, 2018.

110. Although Davis, FRC, and MCEC pretended that NCC Ventures and

Coughlin had been engaged with TANF funds to perform vague tasks such as having

"conversations with industry leaders," Coughlin (and thus NCC Ventures) never engaged

in any substantial activity in exchange for the total of $168,735.25 in TANF funds. Much

less did they do anything toward pursuing lawful TANF purposes.

### (H) Northeast Mississippi Football Coaches Association

111.    In January of 2019, Defendant John Davis directed Defendants Nancy New

and MCEC to donate and transfer $30,000 to the Defendant Northeast Mississippi

Football Coaches Association ("NEMFCA"), as a reward to the NEMFCA for having

engaged Defendant Teddy DiBiase Jr. in 2018 to serve as banquet speaker for the

NEMFCA's annual "All-Star Game" banquet held at Northeast Mississippi Community

College in 2018. The resulting $30,000 contribution by MCEC was treated as a

"sponsorship" by MCEC of the NEMFCA's May 2019 "All-Star Week" events.

112.    In exchange for its receipt of $30,000 from MCEC, MEMFCA performed

no particular service which served, or was intended to serve, any lawful TANF purpose.

113.    All of the $30,000 "sponsorship" contribution by the "non-profit" MCEC to

NEMECA was funded with TANF funds originating from MDHS. NEMFCA knew, or

would and should have known if it had exercised reasonable care with respect to the

$30,000 transaction, that such funds could only be used, by MCEC and by NEMFCA, for

lawful TANF purposes.

114.    The donation or "sponsorship" by MCEC to NEMFCA of $30,000 damaged

MDHS and its TANF mission in the amount of $30,000, for which amount MCEC and

38

NEMFCA are jointly liable to MDHS.

## VI. ILLEGAL DIVERSIONS OF TANF FUNDS TO ENRICH NANCY NEW FAMILY AND FRIENDS

115.    Each of the Defendants named in Column A of Table 2 below agreed to and did, through the overt acts of the transfers identified in Table 2, cause the diversion from MCEC or FRC to the recipients named in Column B to the immediate right of such named Defendants in Column A, of the amount of TANF funds identified to the right thereof in Column C, for the non-TANF purposes identified to the right thereof in Column D, on the approximate dates and times identified to the right thereof in Column E, all for a joint purpose of enriching MCEC owner Nancy New, her family members, and entities or entities with which Nancy New was closely associated:

**TABLE 2:**

| Defendants Who Agreed to Diversion of TANF Funds to Non-TANF Purposes: | Recipients of Diverted TANF Funds: | Amount of TANF Funds Diverted: | Non-TANF Purpose of Transfer: | Date of Transfer Diverting TANF Funds: |
|---|---|---|---|---|
| Jesse S. New, Nancy New & Magnolia Strategies LLC (owned by Jesse S. New) | Jesse S. New and Magnolia Strategies LLC | $554,221 | Enrich Jesse New (under guise of Non-rendered "Consulting" by Jesse New) | 2018 ($250,000) and 2019 ($250,000) ("consulting") and Nov. 2018 ($54,221 purchase of F-150 Ford Truck for Jesse New) |

| Jacob VanLandingham, Prevacus, Inc., PreSolMD, LLC Brett Favre, Nancy New, Jesse New, Zachary New & John Davis | Prevacus, Inc. and PreSolMD LLC (affiliated for-profit biotech companies) | $2,100,000. | Personal Stock Ownership by Nancy New and son Zachary New in Prevacus, Inc. and ownership interests in PreSolMD LLC | Jan. 18, 2019 ($750,000), April 8, 2019 ($500,000), May 10, 2019 ($250,000), July 16, 2019 ($400,000), Sept. 24, 2019 ($100,000), & Oct. 7, 2019 ($100,000) |
|---|---|---|---|---|
| New Learning Resources Inc. (owned by Nancy New), Nancy New, Zachary New & John Davis | New Learning Resources, Inc. | $6,513,393 | Enrichment of Nancy New through subsidies to private school - New Summit School - and other for-profit enterprises | 2016 through June 2019 |

## (A) Purchases of Stock in Prevacus and PreSolMD

116.    In late December of 2018, Defendant Brett Favre was the largest individual outside investor and holder of corporate stock in Defendant Prevacus, Inc., a private, for-profit biotechnology corporation in which Favre had individually invested over $250,000.

117.    Also in late December of 2018, Defendant Brett Favre urged Defendant Jacob W. ("Jake") VanLandingham, the Chief Executive Officer of Prevacus, to solicit Nancy New to use MDHS grant proceeds to invest in the stock of Prevacus, informing VanLandingham that Nancy New had previously provided substantial grant funds on his behalf.

118.   The next day,  Defendant VanLandingham, after communicating with
Defendant Nancy New by telephone at Favre's urging, demonstrated  that New, Favre,
and VanLandingham had agreed for New to use MDHS grant money to invest in
Prevacus stock.

119.   On January 2, 2019, Defendant Favre agreed to host, and did host at his
home in Lamar County, Mississippi, a meeting attended by Defendants Jake
VanLandingham, Nancy New, Zachary New, John Davis, and Ted M. DiBiase, Jr., for the
purpose of explaining a stock sales pitch, principally delivered by VanLandingham to the
News and Davis, concerning a substantial stock investment in Prevacus.

120.   All participants in the January 2, 2019 stock sales presentation at Defendant
Favre's house, including Favre and VanLandingham, knew throughout the course of the
meeting that John Davis was attending (and considering the stock sales pitch) as MDHS
Director, and that Nancy New and Zachary New were attending (and considering the
stock sales pitch) as a grantee of government funds from MDHS. All such parties also
knew, and agreed, that any investment in Prevacus which would take place as a result of
that sales presentation would be funded by governmental grant funds received by New
and Defendant MCEC from MDHS.

121.   In the course of that meeting, and through numerous overt acts and
communications among Nancy New, Zachary New, Jesse New, Favre, and
VanLandingham that followed that meeting, Defendants VanLandingham, Prevacus
(acting through VanLandingham as its CEO), and Favre, agreed with Nancy New, Jesse

41

New and Zachary New that the three News would spend substantial MDHS grant funds to purchase stock in Prevacus, and later in its corporate affiliate, Defendant PreSolMD, Inc. (which, also through its CEO VanLandingham, also agreed to such investments with such government grant funds).

122.    As each of those parties knew, or should and would have known if they had exercised reasonable care with respect to the entry of any such securities transaction or any such contractual performance, any such use of such TANF funds was inconsistent with the pursuit of lawful TANF purposes (or with any other purpose of any grant funds received by MDHS from the United States Government), and was therefore an illegal transaction under statutory and common law.

123.    Defendants Favre, VanLandingham, Prevacus, and PreSolMD, nevertheless agreed to act together, and with Nancy New and Zachary New, for Nancy New and Zachary New to use TANF grant funds received from MDHS to invest substantial funds in ownership interests in both Prevacus and PreSolMD, in the personal names of Nancy New and Zachary New, to the financial benefit of all six such Defendants.

124.    As an overt act in pursuit of that agreement, Defendants VanLandingham, Prevacus, and PreSolMD caused Nancy New and MCEC to enter a written contract with Prevacus, dated January 19, 2019, obligating Defendant MCEC to transfer $1.7 million in funds  derived from MDHS to Defendant Prevacus to provide "development funding" to the for-profit Prevacus.

125.    That same Agreement falsely pretended that the $1.7 million investment of

42

MDHS-derived funds in Prevacus was for the purpose of securing "clinical trial sites" to be located within Mississippi in order to promote an experimental anti-concussion drug being developed by Prevacus.

126.    That representation of that motive or purpose, for investing $1.7 million of TANF funds into Prevacus and/or PreSolMD, was false. The written Agreement was a sham, as it concealed the material fact that the actual purpose of the transaction was financially to benefit Defendants Nancy New, Zach New, Jesse New, Jacob VanLandingham, Brett Favre, Prevacus and PreSolMD.  Moreover, neither the falsely-pretended purpose of that agreed $1.7 million transfer of TANF funds to Prevacus, nor the actual purpose, had any relationship to the pursuit of lawful TANF purposes (as all of the agreeing Defendants knew).

127.    The false statements and concealments of material fact included in that sham Agreement resulted in the payments by MCEC to Prevacus and PreSolMD of $2.1 million in TANF funds, between January 18, 2019 and October 7, 2019 and as itemized in Paragraph 131 below, rendering all such $2.1 million to be debts now due to MDHS within the meaning of *Mississippi Code Ann.* § 43-1-27, under which Defendants VanLandingham, Prevacus, PreSolMD, and Favre are jointly and severally  liable to MDHS.

128.    As Defendants VanLandingham, Prevacus, PreSolMD, and Favre each knew, the funds they were soliciting for investments in Prevacus and PreSolMD were the result of governmental grants provided to and by MDHS, received and disbursed by

43

MDHS against the backdrop of a governmental grant program the statutes and regulations of which were inherently implied and embedded in the parties' contract providing for at least $1.7 million of such funds to be invested in such private for-profit entities. All such statutes restricting all such grant funds to the pursuit of lawful TANF purposes having been violated by such a private investment, the Agreement itself was for that further reason breached by those parties.

129. As further overt acts caused by the same Defendants pursuant to their agreements concerning the purchase of ownership interests in Prevacus and PreSolMD, Nancy New transferred in the course of 2019 the following amounts from the TANF funds held by MCEC, in order to use such funds to purchase ownership interests in the names of and for the financial benefit of Nancy New, Jesse New and Zachary New, and also an entity controlled by the three of them and named N3 LLC) in the following amounts, on the following dates, in either Prevacus or PreSolMD as indicated below, resulting in purchases with TANF funds of $2.1 million in such private corporate interests:

| Date of Transfer: | Amount of TANF Funds Transferred/Invested: | Company Invested in: | Method of Transfer: |
|---|---|---|---|
| Jan. 18, 2019 | $750,000 | Prevacus | Bank Check |
| April 8, 2019 | $500,000 | Prevacus | Electronic Wire |
| May 10, 2019 | $250,000 | Prevacus | Electronic Wire |

| July 16, 2019 | $400,000 | Prevacus | Electronic Wire |
| Sept. 24, 2019 | $100,000 | PreSolMD | Electronic Wire |
| Oct. 7, 2019 | $100,000 | PreSolMD | Electronic Wire |

## VII. ILLEGAL DIVERSIONS OF TANF FUNDS TO ENRICH SPORTS CELEBRITIES

130.    Each of the Defendants named in Column A of Table 3 below agreed to and did, through the overt acts of the transfers identified in Table 3, cause the diversions of TANF funds from MCEC to the recipients named in Column B to the immediate right of the amount of TANF funds identified to the right thereof in Column C, for the non-TANF purposes identified to the right thereof in Column D, on the approximate dates and times identified to the right thereof in Column E, all for a joint purpose of enriching the recipients of TANF funds identified in Column B, none of whom had any special skill in pursuing lawful TANF purposes, and none of whom in consideration of those transfers performed any significant work designed to accomplish any lawful TANF purpose:

**TABLE 3**:

| A | B | C | D | E |
|---|---|---|---|---|
| **Defendants Who Agreed to Diversion of TANF Funds to Non-TANF Purposes:** | **Recipients of Diverted TANF Funds:** | **Amount of TANF Funds Diverted:** | **Non-TANF Purpose of Transfer:** | **Date of Transfer Diverting TANF Funds:** |

| Paul V. LaCoste, Victory Sports Foundation, Inc., Nancy New & John Davis | Paul V. LaCoste and Victory Sports Foundation | $1,309,183 | 3 "fitness bootcamps" for fee-paying participants, public officials and political staffers | October 2018 |
|---|---|---|---|---|
| Marcus Dupree and Marcus Dupree Foundation, Inc. & Nancy New | Marcus Dupree and MD Foundation | $371,000 | $171,000 (toward purchase of personal residence for Marcus Dupree); $200,000 in purported "lease" payments toward same residence and adjoining acreage | February 2018 |
| Brett L. Favre, Favre Enterprises, Inc., MCEC & Nancy New | Brett L. Favre and Favre Enterprises, Inc. | $1,100,000. | Autographs and 4 speeches (never performed) | +Dec. 2017 ($500,000) & June 2018 ($600,000) |

### (A)  Paul LaCoste

130.    On October 4, 2018, Defendant Paul LaCoste, acting on his own behalf and as the owner and controller of Defendant Victory Sports Foundation, Inc., directly proposed to MDHS Executive Director John Davis that Davis steer substantial grant funds to Victory Sports (and thus to LaCoste) in exchange for LaCoste's continuing provision of "fitness camps" to elected officials, their political staffs, and fee-paying participants.  Active in political affairs in Mississippi, LaCoste knew that Davis was then the Executive Director of MDHS, and that MDHS, historically Mississippi's "welfare agency," was charged principally with assisting children and adults who were determined

to be economically and otherwise vulnerable and disadvantaged. LaCoste specifically knew, or would have known if he had exercised minimal or reasonable care in preparing to perform (and in performing) a resulting grant contract, that the funding he was requesting specifically was limited by law to the pursuit of lawful TANF purposes.

131.    LaCoste never proposed or intended to provide services designed specifically to accomplish any lawful TANF purpose. Nor did he ever do so in response to the TANF funding he and Victory Sports sought and received.

132.    In response to LaCoste's request to nevertheless receive substantial TANF funding, Davis proposed to MCEC, and MCEC through Nancy New agreed, to provide $232,472 in TANF funds to Victory Sports (and thus to LaCoste) through a contract between MCEC and Victory Sports in 2018, and later agreed with Davis to also transfer an additional $1,076,711 to Victory Sports (and thus LaCoste) in 2019.

133.    As a result of that TANF funding of substantially more than $1 million, Victory Sports and LaCoste conducted three "fitness boot camp" programs, in Flowood, Madison, and Pascagoula, Mississippi, none of which were designed to achieve, or did achieve, any lawful TANF purpose.

### (B) Marcus Dupree

134.    Beginning in August of 2017 and continuing through September of 2019, FRC and MCEC each paid Defendant Marcus Dupree, a former football star, substantial amounts in TANF funds in exchange for services by Dupree as a "celebrity endorser" and "motivational speaker" at events organized by FRC and MCEC to promote the "brand" of

FRC and MCEC as a combined organization (which they termed "Families First for

Mississippi"). MCEC also paid Dupree with TANF funds to "raise money" for MCEC.

135.    Effective on February 20, 2018, MCEC also and separately entered with the

Defendant Marcus Dupree Foundation, an entity controlled by Defendant Marcus Dupree,

a "Lease Agreement" under which MCEC paid $371,000 in TANF funds directly to the

Defendant Marcus Dupree Foundation, and indirectly to and for the benefit of Defendant

Marcus Dupree. That "lease" contract and those payments totaling $371,000 were not

paid in exchange for, and were not valued according to the value of, any services that

Marcus Dupree had rendered or was contracted to render for any purpose. Of the

$371,000 transfers to both Dupree Defendants, MCEC transferred $171,000 nominally to

the Marcus Dupree Foundation in order to be used as a down-payment by Marcus Dupree

to purchase a house in Flora, Mississippi, for Mr. Dupree to live in, and adjoining acreage

on which Mr. Dupree was to maintain horses owned by him. The house contained more

than 4,300 square feet of living space, featured a swimming pool and "pool pavilion," and

was located on 15.4 acres of land all within a "gated development." Promptly after later

buying that house and acreage in April of 2018 with the benefit of the $171,000 down-

payment supplied by MCEC, Mr. Dupree moved into that house and lives there to this

day. Pursuant to its "Lease Agreement," MCEC also paid a total of $200,000, nominally

to the Defendant Marcus Dupree Foundation but to the intended personal benefit of

Defendant Marcus Dupree, toward MCEC's "lease" payments, at a rate of $9,500

monthly, for MCEC's purported "use" of the same property "leased" by MCEC (but used

and lived on entirely by Defendant Marcus Dupree).

136.   Though MCEC thereby paid a total of $371,000 in TANF funds for the benefit of Defendant Marcus Dupree to purchase and live on that Flora property, and though MCEC and the two Dupree Defendants purported that those payments were made in order for MCEC to "lease" (and thus have the right to use) all of the same property, in fact MCEC never made or attempted to make any "use" of any of that property.  Nor did any of the expenditure of $371,000 in TANF funds to buy or "lease" the property result in any activities by MCEC, or by either Dupree Defendant, in pursuit of lawful TANF purposes.

### (C) Brett Favre

137.   Defendant Brett Favre and an entity he owned and controlled, Defendant Favre Enterprises, Inc., entered a contract with Defendant MCEC beginning July 1, 2017, purportedly for services by Favre through the date of July 31, 2018. That contract, on its face, required that Brett Favre speak at three different public events, and one "keynote address," and that Favre sign autographs at events promoting MCEC itself. Neither Brett Favre, nor anyone on behalf of Favre Enterprises, Inc., ever performed any such speaking or autograph "services." Certainly no services were performed by Favre that had anything to do with the pursuit of lawful TANF purposes.

138.   Nevertheless, and without regard to whether Favre was performing any service of any kind to anyone for MCEC, MCEC paid Favre Enterprises, Inc., with TANF funds, a total of $1,100,000, through a payment to Favre Enterprises of $500,000 in

December of 2017 and a further payment of $600,000 in June of 2018.

## VIII. VIOLATIONS BY DEFENDANTS OF LEGAL DUTIES

139.   Defendant MCEC, by allowing and entering agreements to cause each of the diversions from MCEC of TANF funds from lawful TANF purposes itemized in Tables 1, 2 and 3 above, breached each of its Subgrant contracts with MDHS, resulting in damages to MDHS in the total amount of all such diversions itemized there, reducing by that total amount the fiscal capacity of MDHS to discharge its statutory duties, its grant obligations to the United States Government, and its antipoverty mission to the poorest citizens in Mississippi under federal and Mississippi statutes. The illegal conspiracies and conduct of John Davis, Nancy New, and Zachary New, as itemized above, caused those breaches and violations to occur.

140.   Defendant FRC, by also allowing and entering agreements to cause each of the diversions from FRC of TANF funds from lawful TANF purposes itemized in Tables 1 and 2 above, breached each of its Subgrant contracts with MDHS, resulting in damages to MDHS in the total amount of all such diversions itemized there, reducing by that total amount the fiscal capacity of MDHS to discharge its statutory duties, its grant obligations to the United States Government, and its antipoverty mission to the poorest citizens in Mississippi under federal and Mississippi statutes.

141.   Each of the remaining TANF Defendants in this action, to the extent of and through the overt acts itemized on Tables 1, 2 or 3 above, agreed (with the other Defendants identified in Column A of each such Table) to illegal activities, including the

overt acts of diverting funds from lawful TANF purposes itemized in those Tables, which

foreseeably and knowingly caused MCEC and/or FRC to breach their respective TANF

subgrant contracts with MDHS, thereby each committing the common law tort of civil

conspiracy, for which each is liable to MDHS for damaging - to the extent of those

monetary diversions - the fiscal capacity of MDHS to discharge its statutory duties and

policy mission. ("The remaining Defendants" when used in this paragraph, and hereafter,

shall mean all TANF Defendants in this proceeding other than MCEC and FRC.)

142.    Each of the remaining TANF Defendants in this action, to the extent

itemized on Tables 1, 2 or 3 above, agreed (with the other Defendants identified in

Column A thereof) to illegal activities, including the overt acts of diverting funds from

lawful TANF purposes itemized in those Tables, which violated the TANF statutes and

regulations itemized in Section II above, thereby each further committing the common

law tort of civil conspiracy, for which each is liable to MDHS for damaging - to the

extent of those monetary diversions - the fiscal capacity of MDHS to discharge its

statutory duties and policy mission.

143.    Each of the remaining TANF Defendants in this action, to the extent

itemized on Tables 1, 2 or 3 above and as otherwise described above, agreed (with the

other Defendants identified with them in each "Column A") to activities, including the

sham agreements and false representations itemized above, which violated *Mississippi*

*Code Ann.* § 43-1-27, for which each is further liable to MDHS for further committing the

tort of civil conspiracy, proximately causing damages to MDHS in the amounts of

51

resulting transfers of TANF funds for non-TANF purposes thereby damaging the fiscal capacity of MDHS to discharge its statutory duties and policy mission.

144.   Each of the remaining TANF Defendants, in acting affirmatively to cause the monetary diversions from lawful TANF purposes to those Defendants' financial benefit, also committed the common law tort of tortiously interfering with the performance by MCEC and/or FRC of their Subgrant contracts with and resulting contractual duties to MDHS, proximately causing monetary damages to MDHS in its capacity and obligation to assure that all such funds are used for lawful TANF purposes.

145.   Each of the remaining TANF Defendants breached each of their respective contracts and agreements with MCEC and/or FRC, by disregarding, violating, and breaching the statutory and regulatory requirements itemized in Sections II and III above (each of which is incorporated herein by reference), each of which was inherently implied and embedded as a matter of law into each such contract entered by each such Defendant with MCEC or FRC, each such breach having proximately caused damage to MDHS, as the known third-party beneficiary of each such contract entered by MCEC or FRC, by removing fiscal resources from the capacity of MDHS to discharge its obligations and mission related to lawful TANF purposes.

146.   Each of the remaining TANF Defendants further breached each of their contracts with MCEC and/or FRC by failing to perform the services specified in each such contract with a level of effort or special skill sufficient to render the amounts paid under those contracts reasonable and necessary, causing damage to MDHS, as the known

52

third-party beneficiary of each such contract entered by MCEC or FRC, by removing fiscal resources from the capacity of MDHS to discharge its obligations and mission related to lawful TANF purposes.

147. Each of the remaining TANF Defendants also committed the common law tort of negligence, as each undertook a duty of reasonable care with respect to their lawful performance of their contractual duties to MCEC and/or FRC, including duties to understand and abide by the statutory obligation to limit use of received TANF funds to lawful TANF purposes. Each such Defendant breached that duty of reasonable care through the negligent and reckless conduct described above as to each. The resulting diversions of TANF funds from lawful TANF purposes proximately and foreseeably caused damages to MDHS by diverting such funds and activities from the fiscal capacity of MDHS to discharge its statutory and contractual TANF duties and policy mission. Each TANF Defendant is accordingly liable to MDHS under the law of negligence for damages foreseeably and proximately caused to MDHS in the amounts of each monetary diversion by each such Defendant as itemized on Tables 1, 2 and 3 above.

148. Each of the remaining TANF Defendants is further liable to MDHS under *Mississippi Code Ann.* § 43-1-27, for the reasons detailed above as to all such Defendants, and also as to particular Defendants who participated in false statements or the concealment of material facts resulting in transfers of TANF funds for non-TANF purposes, including the purchase of $2.1 million in stock in Prevacus and PreSolMD described above. As a result of those statutory violations by each such Defendant, MDHS

invokes its statutory right to bring this civil action for the debts to MDHS resulting from each transfer itemized in Tables 1, 2 or 3 above, as well as for a reasonable amount of attorney's fees and cost incurred herein.

## IX. CONTRACTUAL VIOLATIONS
## BY ADDITIONAL DEFENDANTS

The following additional Defendants (none of whom shall be regarded as a "TANF Defendant" herein) breached the duties itemized below for each:

### (A) SouthTec, Inc.

149.   Defendant FRC entered, during September 2018, a service contract with Defendant SouthTec, Inc. ("SouthTec"), under which SouthTec promised to install and render operable internet networks and phone systems at numerous locations in North Mississippi at which SouthTec knew FRC purported to have plans to perform services for needy families consistent with TANF purposes. SouthTech in particular knew that the funding source for all such services by FRC was MDHS, and thus that MDHS and its program beneficiaries were the third-party beneficiaries of all such services to be performed by SouthTec for FRC.

150.   On or about September 28, 2019, FRC paid SouthTec an amount of $118,935.85 as "prepayment" for the expected services over the following year.  FRC's source of that payment was TANF and other federal grant funding FRC had received from MDHS.

151.   SouthTec breached its contract with FRC, by failing to install the promised

54

communications equipment at FRC offices, by causing unnecessary and unauthorized data usage "overage" charges to FRC (in the amount of approximately $19,000) as a result of SouthTec's own use of a phone line being paid for by FRC, and by refusing to refund payments made by FRC to SouthTec after SouthTec demonstrated that it had breached its services agreement with FRC.

152.    SouthTech's breaches of its agreement with FRC damaged MDHS, the known third-party beneficiary of that agreement, in an amount to be proven at the trial of this case.

### (B) Chase Computer Services, Inc.

153.    Defendants MCEC and FRC together entered, during April of 2016, a service contract with Defendant Chase Computer Services, Inc. ("Chase"), under which Chase promised to develop or provide "an effective software application" to be used by MCEC and FRC to manage its TANF-related programs pursuant to its TANF grant contracts with MDHS, including the entry and management of digital information related to "program effectiveness," "behavior tracking," "class attendance records," and "programmatic services by county."

154.    Chase in the course of proposing those services to MCEC and FRC knew that the funding source for all such services was MDHS, and thus that MDHS and its program beneficiaries were ultimately the third-party beneficiaries of all such services to be performed by Chase.

155.    FRC paid Chase $375,750 pursuant to that agreement, and in consideration

of Chase's promises to perform those computer software-related services.

156.    Chase breached its agreement with MCEC and FRC by failing to provide the agreed software and related computer services, causing damage to MDHS as the known third-party beneficiary of that contract in amounts of at least $375,750 in damages.

### (C) Warren Washington Issaquena Sharkey Community Action Agency

157.    During October of 2016, Defendant FRC entered with Defendant Warren Washington Issaquena Sharkey Community Action Agency ("WWISCAA") an agreement under which WWISCAA promised to FRC to perform, within the region otherwise served by WWISCAA in the Mississippi Delta, direct services to "needy families," including "promoting job preparation" and "reducing the incidence of out-of-wedlock pregnancies." In particular, WWISCAA promised to FRC to conduct academic tutoring services for younger children and career skills development training for teenagers and young adult students.

158.    In entering an agreement to perform explicitly TANF-related services, WWISCAA knew that the funding source for FRC was government grants in general and TANF-related grants from MDHS to FRC in particular, and otherwise knew that MDHS was the third-party beneficiary of its contract with FRC.

159.    FRC paid WWISCAA the amount of $49,190.06 in consideration of and in reliance on the promises by WWISCAA described above.

160.    WWISCAA failed to perform the TANF-related services which WWISCAA had promised it would perform, causing damages to MDHS of $49,190.06 as

56

the intended third-party beneficiary of such services pursuant to the TANF mission of MDHS.

### (D) Soul City Hospitality LLC

161.    In February of 2019, Defendant MCEC and Defendant Soul City Hospitality LLC, entered together a "Commercial Sublease Agreement," under which MCEC, acknowledged by the Agreement to be a "charitable nonprofit corporation," purported to be purchasing from Soul City Hospitality LLC, as "Lessor," the legal right, as "Lessee," for MCEC itself to occupy and use property containing enclosed space of 16,229 square feet located at 352 East Woodrow Wilson Boulevard in Jackson, Mississippi.

162.    The "Sublease Agreement" specifically represented that MCEC "is hereby agreeing to sublease the Premises to implement a food aggregation and distribution facility and workforce training program."

163.    MCEC "prepaid" to Soul City Hospitality LLC, on or about February 22, 2019, and thus at or near the beginning of the lease term, an amount of $200,000.00, paid by MCEC with TANF funds resulting from MCEC's TANF subgrant from MDHS, the known third-party beneficiary of the Sublease Agreement.

164.    MCEC and Soul City Hospitality LLC through the Sublease Agreement did not disclose, and did fail to disclose (and did thereby conceal) the material fact that MCEC as "Lessee" had no specific plan or capacity to use the very large leased commercial premises for any lawful TANF purpose, including the purported purpose mis-

stated on the face of the Sublease Agreement as "workforce training" or "food aggregation and distribution." That fact was known by both parties, or would have been known to both parties if they had both exercised reasonable care with respect to their duties under the Sublease Agreement.

165.   Because of that conduct, MCEC and Soul City Hospitality LLC are jointly liable to MDHS in the amount of $200,000.00 pursuant to *Mississippi Code Ann.* § 43-1-27(1), that amount having been "paid to" Soul City Hospitality LLC "as a result" of such conduct evidenced in the Commercial Sublease Agreement between the two parties.

## X. DAMAGES CAUSED

166.   The amount owed by each Defendant to MDHS as a result of their violations of legal duties as described and alleged above, as to which MDHS seeks herein a monetary judgment, is at least as follows:

**TABLE 4**:

| Defendant: | Amount of Damages Owed: |
|---|---|
| MCEC | $19,403,504* |
| FRC | $3,852,720* |
| New Learning Resources Foundation Inc. | $6,513,393* |
| Nancy W. New | $19,403,504* |
| Zachary W. New | $2,100,000* |
| Magnolia Strategies LLC | $554,221* |
| Jesse Steven New Jr. | $2,654,221* |
| Christi H. Webb | $3,852,710* |

| | |
|---|---|
| Amy S. Harris | $250,000* |
| John Davis | $23,256,224* |
| Ted M. DiBiase, Sr. | $1,971,223* |
| Heart of David Ministries Inc. | $1,721,223* |
| Ted M. ("Teddy") DiBiase Jr. | $2,897,487* |
| Priceless Ventures LLC | $2,197,487* |
| Familiae Orientem LLC | $700,000* |
| Brett DiBiase | $824,258* |
| Restore2 LLC | $48,000* |
| Rise in Malibu Inc. | $160,000* |
| Adam Such | $250,000.* |
| SBGI LLC | $250,000.* |
| Nicholas Coughlin | $168,733* |
| NCC Ventures LLC | $168,733* |
| Paul Victor LaCoste | $1,309,183* |
| Victory Sports Foundation, Inc. | $1,309,183* |
| Brett Lorenzo Favre | $3,200,000* |
| Favre Enterprises, Inc. | $1,100,000* |
| Marcus L. Dupree | $371,000* |
| Marcus Dupree Foundation, Inc. | $371,000* |
| Jacob W. VanLandingham | $2,100,000* |
| Prevacus, Inc. | $2,100,000* |
| PreSolMD, LLC | $2,100,000* |
| SouthTec, Inc. | $137,935 |
| Chase Computer Services, Inc. | $375,750 |
| Soul City Hospitality LLC | $200,000 |

| Warren Washington Isaquena Sharkey Comm Action Agency | $49,190 |
|---|---|
| Brian J. Smith | $615,894 |
| Austin G. Smith | $426,398 |

167.    Defendants named on any particular line of Tables 1, 2 or 3 are jointly and severally liable to MDHS, along with each other Defendant also named on the same line, in the amount specified in Column C on the same particular line. Each such amount which is the subject of joint and several liability is followed by a "*" in Table 4 immediately above.   Accordingly, the following co-Defendants are jointly and severally liable to MDHS for the following amounts, as to which a judgment of damages should be awarded in favor of Plaintiff MDHS:

(A)    Defendants Magnolia Strategies LLC and Jesse Steven New Jr. are jointly and severally liable to MDHS in the amount of $554,221.

(B)    Defendants Brett Favre, Jacob VanLangindham, Prevacus, Inc., and PreSolMD, LLC, Nancy New, Zachary New and John Davis, are jointly and severally liable to MDHS in the additional amount of $2,100,000.

(C)    Defendants Brett Favre and Favre Enterprises, Inc., are jointly and severally liable to MDHS in the additional amount of $1,100,000.

(D)    Defendants Ted DiBiase Sr., Heart of David Ministries, Inc., Ted DiBiase Jr. and John Davis are jointly and severally liable to MDHS in the amount of $1,971,223.

(E)   Defendants Ted DiBiase Jr., Priceless Ventures LLC, Familiae Orientem LLC and John Davis are jointly and severally liable to MDHS in the amount of $2,897,487.

(F)   Defendants Adam Such and SBGI LLC are jointly and severally liable to MDHS in the amount of $250,000.

(G)   Defendants Nicholas Coughlin and NCC Ventures LLC are jointly and severally liable to MDHS in the amount of $168,733.

(H)   Defendants Paul Victor LaCoste and Victory Sports Foundation, Inc., are jointly and severally liable to MDHS in the amount of $1,309,183.

(I)   Defendants Marcus L. Dupree and Marcus Dupree Foundation, Inc., are jointly and severally liable to MDHS in the amount of $371,000.

## IX. TITLE TO PROPERTY ACQUIRED BY DEFENDANTS WITH TANF FUNDS

168.   Among the federal laws inherently implied into the terms of each contract entered (or caused to be entered) by each Defendant with MCEC or FRC as itemized in Tables 1, 2 or 3 above was the law that any real or personal property "acquired under a Federal award" such as a TANF-funded grant "will vest upon acquisition in the non-Federal entity" which first received the grant award from any Federal agency, which as to all acquisitions with TANF funds by all Defendants in this case is the Plaintiff MDHS. 2 CFR 200.311 (real property acquired or improved under a Federal award); 2 CFR 200.313 (equipment acquired under a Federal award); 2 CFR 200.315 (intangible

property, including stocks, acquired under a Federal award). No Defendant in this case had the legal capacity to evade or waive that federal requirement, by contract or otherwise.

169.    Plaintiff MDHS is entitled to a declaratory judgment affirming its existing title to exclusive ownership of any and all property acquired by any Defendant in this case directly or indirectly with proceeds from TANF funding in any amount in excess of $1,000, and is further entitled to judicial orders sufficient to achieve the complete possession and control by MDHS of all such property.

## COUNT 1: VIOLATION OF MISSISSIPPI CODE ANN. § 43-1-27

170.    By virtue of the conduct as alleged in Paragraphs 44 through 169 above (all of which paragraphs are incorporated herein by reference), and the payments specified therein of TANF funds under the TANF assistance program intended for lawful TANF purposes, as the result in each instance of concealments of material facts and/or affirmative misrepresentations, each TANF Defendant herein (and Defendant Soul City Hospitality LLC) has incurred a debt due to Plaintiff MDHS within the meaning of *Mississippi Code Ann.* § 43-1-27(1), upon proof of which a monetary judgment should be entered against each such Defendant in the amount, as to each, specified in Table 4 above, together with an award against all such Defendants of an additional amount sufficient to reimburse MDHS the amount of its reasonable attorneys fees and costs incurred in the investigation and prosecution of this action.

## COUNT 2: TORT OF CIVIL CONSPIRACY

171.   By virtue of their conduct as alleged in Paragraphs 44 through 169 above

(all of which paragraphs are incorporated herein by reference), each of the TANF

Defendants is liable to MDHS, in the monetary amounts specified for each in Table 4

above, for committing the common law tort of civil conspiracy, each having agreed to

transfers of TANF funds for purposes inconsistent with lawful TANF purposes and

having agreed to other conduct in violation of legal duties, as a result of which overt acts

in pursuit of each such agreement were committed as described in such paragraphs, such

agreements having been entered with a purpose of committing acts which violated legal

duties including the following:

(A)   Conduct violating *Mississippi Code Ann.* § 43-1-27, as alleged above;

(B)   Conduct causing MCEC and/or FRC to violate their Subgrant TANF
      contracts with MDHS, as alleged above;

(C)   Conduct causing the remaining TANF Defendants as alleged above
      tortiously to interfere with MCEC's and/or FRC's contractual relations with
      and duties to MDHS under their Subgrant TANF contracts with MDHS, as
      alleged above;

(D)   Conduct causing the remaining TANF Defendants as alleged above to
      breach their contracts with MCEC and/or FRC, including the implied
      obligation within each such contract to use all related funds to pursue
      lawful TANF purposes; and

(E)    Conduct causing the remaining TANF Defendants as alleged above

tortiously to convert from MCEC and/or FRC the TANF funds required for

MCEC and/or FRC to comply with the lawful TANF purposes under their

Subgrant contracts with MDHS.

## COUNT 3: TORT OF NEGLIGENCE

172.    By virtue of their conduct as alleged in Paragraphs 44 through 169 above

(all of which paragraphs are incorporated herein by reference), each of the TANF

Defendants committed the common law tort of negligence, proximately causing damages

to MDHS in the amounts identified for each in Table 4 above, by failing to exercise

reasonable care with respect to the performance by each of them, and by each of the

persons with whom they agreed or colluded in order to cause transfers of TANF funds to

any Defendant, of contractual obligations entered by them or by entities under their

substantial control, including a failure to exercise reasonable or ordinary care in inquiring

into and obeying statutory or regulatory obligations which governed the performance of

their contracts with MCEC and/or FRC (and the terms of which were inherently implied

into all such contracts), or which otherwise governed the use of TANF funds consistent

with lawtul TANF purposes. Each such TANF Defendant is therefore liable to MDHS, in

the amount identified for each in Table 4 above, under the common law tort of

negligence.

## COUNT 4: TORT OF INTENTIONAL INTERFERENCE
## WITH CONTRACTUAL RELATIONS

173.   By virtue of their conduct as alleged in Paragraphs 44 through 169 above (all of which paragraphs are incorporated herein by reference), each of the remaining TANF Defendants committed the common law tort of engaging in tortious and wrongful acts which intentionally interfered with the contractual relations and obligations between MCEC and/or FRC (on the one hand) and Plaintiff MDHS (on the other hand), causing damages to MDHS in the amounts identified for each such Defendant in Table 4 above, rendering each such Defendant liable to MDHS under that common law tort in each such amount.

### COUNT 5: BREACH OF CONTRACTS BY DEFENDANTS OTHER THAN MCEC OR FRC

174.   By virtue of their conduct as alleged in Paragraphs 44 through 169 above (all of which paragraphs are incorporated herein by reference), each of the Defendants (other than MCEC or FRC) breached, or caused to be breached, their respective subcontracts with MCEC and/or FRC, of which the Plaintiff MDHS as the statutory administrator of the TANF program in Mississippi was known to be the third-party beneficiary, which breaches caused the damages to MDHS and its statutory mission as identified for each Defendant in Table 4 above, for which each such Defendant is liable to MDHS in monetary damages under the common law of contracts.

### COUNT 6: BREACH OF SUBGRANT CONTRACTS BY MCEC AND FRC:

175.   By virtue of their conduct as alleged in Paragraphs 44 through 169 above (all of which paragraphs are incorporated herein by reference), Defendants MCEC and

FRC each breached their Subgrant contracts with Plaintiff MDHS by transferring the

TANF funds to other `Defendants as described in such paragraphs, causing  damages to

MDHS in the amounts identified for each of those two Defendants in Table 4 above, for

which MCEC and FRC are liable to MDHS under the common law of

contracts.

## **RELIEF REQUESTED**

Plaintiff Mississippi Department of Human Services respectfully asserts its right to

a trial by jury on the allegations and claims set forth above, and to the imposition by the

Court of a resulting monetary judgment and related relief against each of the Defendants

herein as set forth above:

(1)     A monetary judgment in favor of MDHS and against each such Defendant,

at least in the amount as to each specified for each in Table 4 above;

(2)     A declaratory judgment, pursuant to Rule 57 of the Mississippi Rules of

Civil Procedure, declaring and adjudicating the exclusive title and

ownership in MDHS of all real and personal property acquired by each

Defendant herein, at an acquisition cost of $1,000 or more, as a direct or

indirect result of any transfer of TANF funds alleged above;

(3)     Judicial orders sufficient to accomplish the exclusive possession and control

by MDHS of all such property for purposes of the liquidation thereof for the

benefit of the TANF program;

(4)     An award against the Defendants of a further monetary amount sufficient to

reimburse MDHS for all attorneys' fees, litigation costs, and investigation

costs reasonably incurred herein; and

(5)     All further relief that the Court may find to be justified by the evidence to

be presented herein, and in order to fulfill the authority of the Court herein

to defend its jurisdiction, the authority of its judgments, and the public

interest.

This the 9th day of May, 2022.

MISSISSIPPI DEPARTMENT
OF HUMAN SERVICES
By its Attorneys,
PIGOTT LAW FIRM, P.A.

By: _____
J. Brad Pigott

Stephen Schelver
Mississippi Bar No. 101889
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
550 High Street, Suite 1100
Jackson, Mississippi 39205-0220
Telephone: 601-359-3522
Email: stephen.schelver@ago.ms.gov

J. Brad Pigott
Mississippi Bar No. 4350
PIGOTT LAW FIRM, P.A.
775 North Congress Street
Jackson, Mississippi 39202
Telephone: 601-949-9450
Email: bpigott@pjlawyers.com

Case 2:22-cv-00286-BFP   Document X-1   Filed 05/09/2022   Page 1 of 14

| **COVER SHEET** | **Court Identification Docket # 1** | **Case Year** | **Docket Number** |
|---|---|---|---|

**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| County # | Judicial District | Court ID (CH, CI, CO) |
|---|---|---|
| 2 | 5 | CV |

Case Year: 2022   Docket Number: 286

Local Docket ID

Mississippi Supreme Court     Form AOC/01
Administrative Office of Courts     (Rev 2020)

Month: 05   Date: 09   Year: 22
This area to be completed by clerk

Case Number if filed prior to 1/1/94

| In the | CIRCUIT | Court of | HINDS | County — | FIRST | Judicial District |
|---|---|---|---|---|---|---|

**Origin of Suit (Place an "X" in one box only)**

| [X] Initial Filing | [ ] Reinstated | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
|---|---|---|---|---|
| [ ] Remanded | [ ] Reopened | [ ] Joining Suit/Action | [ ] Appeal | |

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

**Business** Department of Human Services
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff** 750 High Street, Jackson, MS 39201

**Attorney (Name & Address)** Stephen Schelver, 550 High Street, Ste. 1100, Jackson, MS 39201     **MS Bar No.** 101889

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _____     5/9/22

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business** Mississippi Community Education Center, Inc.
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

**Attorney (Name & Address) - If Known** _____     **MS Bar No.** _____

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other _____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other _____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other _____ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other _____ | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [X] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Joint Conservatorship & Guardianship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Heirship | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Intestate Estate | [ ] Other _____ | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Minor's Settlement | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Muniment of Title | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Name Change | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Testate Estate | [ ] Declaratory Judgment | [ ] Premises Liability |
| [ ] Other _____ | [ ] Will Contest | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Other _____ | [ ] Subrogation |
| | | | [ ] Wrongful Death |
| | | | [ ] Other _____ |

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other _____

I<small>N THE</small> <u>CIRCUIT</u> C<small>OURT OF</small> <u>HINDS</u> C<small>OUNTY,</small> M<small>ISSISSIPPI</small>

<u>FIRST</u> J<small>UDICIAL</small> D<small>ISTRICT,</small> C<small>ITY OF</small> <u>Jackson</u>

Docket No._____ - _____ _____
      File Yr       Chronological No.      Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of \_\_ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

## Defendant #2:

**Individual**: _____ ( _____ ) _____ _____
               Last Name              First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** <u>New Learning Resources Foundation, Inc.</u>
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

A<small>TTORNEY FOR THIS</small> D<small>EFENDANT</small>: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

## Defendant #3:

**Individual**: <u>New</u> _____ <u>Nancy</u> _____ ( _____ ) <u>W.</u> _____
               Last Name              First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

A<small>TTORNEY FOR THIS</small> D<small>EFENDANT</small>: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

## Defendant #4:

**Individual**: <u>New</u> _____ <u>Zachary</u> _____ ( _____ ) <u>W.</u> _____
               Last Name              First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

A<small>TTORNEY FOR THIS</small> D<small>EFENDANT</small>: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_.

I<small>N THE</small> CIRCUIT  C<small>OURT OF</small> HINDS  C<small>OUNTY,</small> M<small>ISSISSIPPI</small>

FIRST  J<small>UDICIAL</small> D<small>ISTRICT,</small> C<small>ITY OF</small> Jackson

Docket No._____ - _____ _____   Docket No. If Filed
<small>File Yr      Chronological No.      Clerk's Local ID</small>   Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page 2 of __ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # 5 :**

**Individual:** New _____ Jesse _____ (_____) S.___ Jr.___
<small>Last Name          First Name          Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV</small>

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
<small>Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</small>

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

A<small>TTORNEY FOR THIS</small> D<small>EFENDANT:</small> _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # 6 :**

**Individual:** _____ _____ (_____) ___ ___
<small>Last Name          First Name          Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV</small>

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Magnolia Strategies, LLC
<small>Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</small>

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

A<small>TTORNEY FOR THIS</small> D<small>EFENDANT:</small> _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # 7 :**

**Individual:** _____ _____ (_____) ___ ___
<small>Last Name          First Name          Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV</small>

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Family Resource Center of North Mississippi Inc.
<small>Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</small>

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

A<small>TTORNEY FOR THIS</small> D<small>EFENDANT:</small> _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF Jackson

Docket No._____ - _____  _____
  File Yr          Chronological No.      Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page _3_ of ___ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

### Defendant # _8_ :

Individual: <u>Webb</u>          <u>Christi</u>          (_____) <u>H.</u>   _____
           Last Name          First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

Business _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

### Defendant # _9_ :

Individual: <u>Harris</u>          <u>Amy</u>          (_____) <u>S.</u>   _____
           Last Name          First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

Business _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

### Defendant # _10_ :

Individual: <u>Davis</u>          <u>John</u>          (_____)    _____
           Last Name          First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

Business _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

I**N** THE <u>CIRCUIT</u> C**OURT OF** <u>HINDS</u> C**OUNTY,** M**ISSISSIPPI**

<u>FIRST</u> J**UDICIAL** D**ISTRICT,** C**ITY OF** Jackson

Docket No._____ - _____    _____
        File Yr       Chronological No.      Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page <u>4</u> of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #** <u>11</u> **:**

**Individual**: <u>DiBiase</u> <u>Ted</u> (_____) <u>M.</u> <u>Sr.</u>
            Last Name       First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

A**TTORNEY FOR THIS** D**EFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #** <u>12</u> **:**

**Individual**: _____ _____ (_____) _____ _____
            Last Name       First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** <u>Heart of David Ministries, Inc.</u>_____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

A**TTORNEY FOR THIS** D**EFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #** <u>13</u> **:**

**Individual**: <u>DiBiase</u> <u>Ted</u> (_____) <u>M.</u> <u>Jr.</u>
            Last Name       First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

A**TTORNEY FOR THIS** D**EFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT_____ COURT OF HINDS_____ COUNTY, MISSISSIPPI

FIRST_____ JUDICIAL DISTRICT, CITY OF Jackson

Docket No._____ - _____ _____
                File Yr          Chronological No.        Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

## DEFENDANTS IN REFERENCED CAUSE - Page _5_ of ___ Defendants Pages
## IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

### Defendant # _14_ :

Individual: _____ _____ (_____) _____ _____
                Last Name          First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business  Priceless Ventures, LLC_____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

### Defendant # _15_ :

Individual: _____ _____ (_____) _____ _____
                Last Name          First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business  Familiae Orientem, LLC_____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

### Defendant # _16_ :

Individual: DiBiase_____ Brett_____ (_____) D._____ _____
                Last Name          First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

FIRST JUDICIAL DISTRICT, CITY OF Jackson

Docket No._____ - _____ _____
File Yr          Chronological No.      Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94_____

### DEFENDANTS IN REFERENCED CAUSE - Page 6 of __ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant # 17 :**

**Individual**: _____ _____ (_____) ____ ____
              Last Name       First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business**  Restore, LLC
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Defendant # 18 :**

**Individual**: Such _____ Adam _____ (_____) A. ____
              Last Name       First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Defendant # 19 :**

**Individual**: _____ _____ (_____) ____ ____
              Last Name       First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business**  SBGI, LLC
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF <u>Jackson</u>

Docket No._____ - _____ _____
<span style="font-size:smaller">File Yr        Chronological No.        Clerk's Local ID</span>

Docket No. If Filed
Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page _7_ of \_\_ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # _20_ :**

**Individual**: <u>Coughlin</u>   <u>Nicholas</u>   (_____) <u>C.</u>  _____
<span style="font-size:smaller">Last Name        First Name        Maiden Name, if Applicable        Middle Init.        Jr/Sr/III/IV</span>

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
<span style="font-size:smaller">Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

**Defendant # _21_ :**

**Individual**: _____ _____ (_____) _____ _____
<span style="font-size:smaller">Last Name        First Name        Maiden Name, if Applicable        Middle Init.        Jr/Sr/III/IV</span>

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** <u>NCC Ventures, LLC</u> _____
<span style="font-size:smaller">Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

**Defendant # _22_ :**

**Individual**: <u>Lacoste</u>   <u>Paul</u>   (_____) <u>V.</u>  _____
<span style="font-size:smaller">Last Name        First Name        Maiden Name, if Applicable        Middle Init.        Jr/Sr/III/IV</span>

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
<span style="font-size:smaller">Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF Jackson

Docket No._____ - _____ _____
          File Yr       Chronological No.       Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page <u>8</u> of \_\_ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # <u>23</u> :**

**Individual**: _____ _____ (_____) _____ _____
                    Last Name              First Name       Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Victory Sports Foundation, Inc._____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_ Not an Attorney(✓)\_\_\_

**Defendant # <u>24</u> :**

**Individual**: Farve _____ Brett _____ (_____) L. _____
                    Last Name              First Name       Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_ Not an Attorney(✓)\_\_\_

**Defendant # <u>25</u> :**

**Individual**: _____ _____ (_____) _____ _____
                    Last Name              First Name       Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Farve Enterprises, Inc._____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_ Not an Attorney(✓)\_\_\_

I~N THE~ CIRCUIT_____ C~OURT OF~ HINDS_____ C~OUNTY,~ M~ISSISSIPPI~

FIRST_____ J~UDICIAL~ D~ISTRICT,~ C~ITY OF~ Jackson

Docket No._____ - _____    _____
    <span>File Yr</span>    <span>Chronological No.</span>    <span>Clerk's Local ID</span>

Docket No. If Filed
Prior to 1/1/94_____

D~EFENDANTS IN~ R~EFERENCED~ C~AUSE~ - Page 9 of \_\_ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #** 26 :

**Individual**: Dupree_____    Marcus_____ (_____) L.\_\_\_ _____
    <span>Last Name</span>    <span>First Name</span>    <span>Maiden Name, if Applicable</span>   <span>Middle Init.</span>   <span>Jr/Sr/III/IV</span>

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
    <span>Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

A~TTORNEY FOR THIS~ D~EFENDANT:~ _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

**Defendant #** 27 :

**Individual**: _____    _____ (_____) \_\_\_\_ _____
    <span>Last Name</span>    <span>First Name</span>    <span>Maiden Name, if Applicable</span>   <span>Middle Init.</span>   <span>Jr/Sr/III/IV</span>

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Marcus Dupree Foundation, Inc._____
    <span>Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

A~TTORNEY FOR THIS~ D~EFENDANT:~ _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

**Defendant #** 28. :

**Individual**: VanLandingham\_\_\_\_\_    Jacob\_\_\_\_\_ (_____) W.\_\_\_ _____
    <span>Last Name</span>    <span>First Name</span>    <span>Maiden Name, if Applicable</span>   <span>Middle Init.</span>   <span>Jr/Sr/III/IV</span>

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
    <span>Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

A~TTORNEY FOR THIS~ D~EFENDANT:~ _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

IN THE <u>CIRCUIT</u>    COURT OF <u>HINDS</u>    COUNTY, MISSISSIPPI

<u>FIRST</u>    JUDICIAL DISTRICT, CITY OF  Jackson

Docket No._____ - _____    _____       Docket No. If Filed
       File Yr      Chronological No.    Clerk's Local ID       Prior to 1/1/94   _____

DEFENDANTS IN REFERENCED CAUSE - Page <u>10</u> of \_\_ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant # <u>29</u> :**

**Individual**: _____ _____ (_____) _____ _____
                Last Name          First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business**  Prevacus, Inc.
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

---

**Defendant # <u>30</u> :**

**Individual**: _____ _____ (_____) _____ _____
                Last Name          First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business**  PreSolMD, LLC
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

---

**Defendant # <u>31</u> :**

**Individual**: _____ _____ (_____) _____ _____
                Last Name          First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business**  Chase Computer Services, Inc.
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____*Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

I̲N̲ T̲H̲E̲ <u>CIRCUIT</u>        C̲O̲U̲R̲T̲ O̲F̲ <u>HINDS</u>              C̲O̲U̲N̲T̲Y̲, M̲I̲S̲S̲I̲S̲S̲I̲P̲P̲I̲

<u>FIRST</u>            J̲U̲D̲I̲C̲I̲A̲L̲ D̲I̲S̲T̲R̲I̲C̲T̲, C̲I̲T̲Y̲ O̲F̲ Jackson

Docket No._____ - _____   _____      Docket No. If Filed
            File Yr       Chronological No.     Clerk's Local ID      Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page <u>11</u> of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # <u>32</u> :**

**Individual**: _____ _____ (_____) _____ _____
               Last Name          First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** <u>Soul City Hospitality, LLC</u>
               Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

A̲T̲T̲O̲R̲N̲E̲Y̲ F̲O̲R̲ T̲H̲I̲S̲ D̲E̲F̲E̲N̲D̲A̲N̲T̲: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # <u>33</u> :**

**Individual**: _____ _____ (_____) _____ _____
               Last Name          First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** <u>Northeast Mississippi Coaches Association</u>
               Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

A̲T̲T̲O̲R̲N̲E̲Y̲ F̲O̲R̲ T̲H̲I̲S̲ D̲E̲F̲E̲N̲D̲A̲N̲T̲: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # <u>34</u> :**

**Individual**: _____ _____ (_____) _____ _____
               Last Name          First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** <u>Warren Washington Issaquena Sharkey Community Action Agency</u>
               Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

A̲T̲T̲O̲R̲N̲E̲Y̲ F̲O̲R̲ T̲H̲I̲S̲ D̲E̲F̲E̲N̲D̲A̲N̲T̲: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF Jackson

Docket No._____-_____ _____
File Yr          Chronological No.       Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page 12 of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # 35 :**

**Individual:** _____ _____ (_____) ____ ____
Last Name        First Name        Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
   D/B/A _____

**Business** Southtec, Inc._____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # 36 :**

**Individual:** Smith ____ Brian ____ (_____) J ____ ____
Last Name        First Name        Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
   D/B/A _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # 37 :**

**Individual:** Smith ____ Austin ____ (_____) G. ____ ____
Last Name        First Name        Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
   D/B/A _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE <u>CIRCUIT</u>      COURT OF <u>HINDS</u>_____      COUNTY, MISSISSIPPI

<u>FIRST</u>_____ JUDICIAL DISTRICT, CITY OF  Jackson

Docket No._____ - _____   _____      Docket No. If Filed
            File Yr        Chronological No.     Clerk's Local ID      Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page 13 of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # 38 :**

**Individual**: _____ _____ (_____) _____ _____
               Last Name            First Name          Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business**  Rise in Malibu, Inc.
             Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual**: _____ _____ (_____) _____ _____
               Last Name            First Name          Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
             Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual**: _____ _____ (_____) _____ _____
               Last Name            First Name          Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
             Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___