IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

STATE OF MISSISSIPPI

V.                                              CAUSE NO. 25CI1:22-cr-00003-EFP

ZACHARY NEW

### PETITION TO ENTER A PLEA OF GUILTY

THE DEFENDANT HEREIN, being duly sworn, stated in Open Court under oath that:

1.  My full name is ZACHARY WHITTEN NEW. I am a Caucasian male born in Flowood, Mississippi. I am 39 years old. My DOB February 7, 1983, and my SSN is XXX-XX-XXXX. My current address is 146 Bridgewater Crossing, Ridgeland, Mississippi 39157. I completed 12 years of education through high school, and four years of college. I am a United States citizen with no Immigration Number and no known FBI Number. I can read and write. I am mentally competent to make this Petition. I understand, should the plea of guilt herein tendered not be accepted and a trial follow, that admissions made herein or during any hearing on this petition would not be admissible against me at trial.

2.  I am represented by Tom Fortner and Thomas Gerry Bufkin, both of whom are licensed attorneys in the State of Mississippi.

3.  I hereby plead guilty to the charges of: Bribery of a Public Official (four counts), Fraud Against the Government (two counts), and Wire Fraud (five counts), as set forth in the Information numbered.

4.  I have told my lawyers all of the facts and circumstances known to me about the charges asserted in the Information and the prior indictment. I believe that my lawyers are fully informed on all such matters. My lawyers have advised me of the nature of the charges and the possible defenses that I may have to the charges.

5.  I understand that I may plead "NOT GUILTY" and may persist in that plea and that the Constitution guarantees me (a) the right to a speedy and public trial by jury, (b) the right to see, hear and cross examine all witnesses called to testify, (c) the right to use the power and process of the Court to compel the production of evidence, including the attendance of any witnesses in my favor, (d) the right to have the presence and the assistance of a lawyer at all states of the trial and any appeal, (e) the right to challenge the composition of the Grand Jury, which indicted me, (f) the right to testify in my own defense, (g) the right to a jury verdict of all twelve jurors before I could be found guilty.

6.  I understand that if I do not have the funds to employ an attorney, the Court will appoint an attorney to represent me; that I do not have to testify against myself; that if I should be

convicted after a jury trial, I would have absolute right to an appeal to the Mississippi Supreme Court with assistance of counsel, and at no cost to me should I be determined to be financially unable to pay for same. I understand that by pleading guilty I am admitting that I did commit the crimes charged in the Information and that I am waiving all of the rights set forth in paragraph number five (5) of this Petition.

7. At the time of the crime referred to herein, I was not, and at this time I am not, under the influence of drugs, nor alcohol, nor suffering from any mental disease.

8. I declare that no officer or agent of any branch of government, nor any other person has made any promise or inducement of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, probation, early release, or any other form of leniency if I plead "GUILTY." I have not been beaten, threatened, mentally or physically forced, intimidated or coerced in any manner to plead guilty to the crime charged against me. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with full understanding of all the matters set forth in the indictment herein an in the Petition, and this pela is with the advice and sent of my lawyer.

9. My lawyer has informed as to the maximum and minimum punishment which the law provides of the offenses charged in the Information. The punishment which the Court may impose for the crimes with which I am charged is as follows:

| CHARGE | MAXIMUM | MINIMUM |
|---|---|---|
| Count 11 - Bribery of a Public Official | 10 years/$5k | 0 years |
| Count 12 - Bribery of a Public Official | 10 years/$5k | 0 years |
| Count 13 - Bribery of a Public Official | 10 years/$5k | 0 years |
| Count 14 - Bribery of a Public Official | 10 years/$5k | 0 years |
| Count 27 - Fraud Against the Government | 5 years/$10k | 0 years |
| Count 28 - Fraud Against the Government | 5 years/$10k | 0 years |
| Count 34 - Wire Fraud | 5 years/$10k | 0 years |
| Count 35 - Wire Fraud | 5 years/$10k | 0 years |
| Count 36 - Wire Fraud | 5 years/$10k | 0 years |
| Count 37 - Wire Fraud | 5 years/$10k | 0 years |
| Count 38 - Wire Fraud | 5 years/$10k | 0 years |

10. If no agreement has been reached with regard to a recommended sentence as a result of so-called "plea-bargaining," I understand neither my attorney nor any other person can represent to me that I will receive any particular sentence if I plead guilty. The final decision as to the sentence rests with the Court.

11. If as a result of "plea-bargaining," my attorney and I have reached an agreement with the District Attorney's Office concerning my offer to plead guilty to the charges listed in paragraph three (3), it is my understanding that the District Attorney will recommend to the Court that I receive a sentence as follows:

**Counts 11, 12, 13 & 14**

Ten (10) years in the custody of the Mississippi Department of Correction, with seven (7) years of that sentence to be suspended, leaving three (3) years of that sentence to be served. Upon the defendant's release from custody, he will be required to serve five (5) years supervised probation with the specific condition that he pay restitution as calculated by the Mississippi Department of Corrections based upon the amount of restitution listed below. Each sentence in Counts 11, 12, 13, and 14 will run consecutive with each other, consecutive to the sentences in counts 27 and 28, and concurrent with the sentences in counts 34, 35, 36, 37 and 38.

**Counts 27 & 28**

Five (5) years in the custody of the Mississippi Department of Corrections, with all five (5) years of that sentence to be served. Upon the defendant's release from custody, he will be required to serve five (5) years supervised probation, with the specific condition that he pay restitution as calculated by the Mississippi Department of Corrections based upon the amount of restitution listed below. Each sentence in Counts 27 and 28 will run concurrent to each other, consecutive with sentences in Counts 11, 12, 13, and 14, and concurrent with the sentences in counts 34, 35, 36, 37 and 38.

**Counts 34, 35, 36, 37 & 38**

Five (5) years in the custody of the Mississippi Department of Corrections, with all five (5) years of that sentence to be suspended. Upon the defendant's release from custody, he will be required to serve five (5) years supervised probation, with the specific condition that he pay restitution as calculated by the Mississippi Department of Corrections based upon the amount of restitution listed below. Each sentence in Counts 34, 35, 36, 37 and 38 will run concurrent with each other and concurrent with the sentences in counts 11, 12, 13 and 14.

Upon filing of the Information pertaining to the foregoing Counts, all other counts in Cause No. 25CI1: 22-cr-00003-EFP will be dismissed.

I understand the cumulative recommended sentences of the plea offer made by the State is a recommended seventy-five (75) year sentence with seventeen (17) years of that sentence to be served. I understand that under the plea agreement I will fully cooperate with the State in the prosecution of my Co-Defendants and that I will provide truthful testimony against my Co-Defendants. I understand that the State will recommend that the Court withhold sentencing in this Cause until after I am sentenced in Criminal Cause Number 3:21-cr-00028-CWR-FKB in the United States District Court for the Southern District of Mississippi. I understand that the State will recommend that all of the State sentences will run concurrently with my Federal sentence in Criminal Cause Number 3:21-cr-00028-CWR-FKB. It has been negotiated between myself and that State all of the time I will serve incarcerated will be served in the Federal prison system.

3

Towards that end, the State's recommended sentence concerning all of the time to serve in this Cause is equal to or slightly less than the minimum time I will serve incarcerated in the Federal prison system in Criminal Cause Number 3:21-cr-00028-CWR-FKB. In the unlikely event that at the time of my Federal sentencing in Criminal Cause Number 3:21-cr-00028-CWR-FKB, I actually receive a Federal sentence requiring me to serve less prison time than the State sentences herein, so long as such Federal sentence is not a wholly probationary sentence, the State has agreed that on the date of sentencing in the within Cause that it will amend its recommendation regarding the State prison time required in this agreement to be equal to my Federal sentence such that all of the time I will be required to serve in prison will be served in the Federal prison system. Additionally, The State will recommend that I pay restitution in the amount of $3,656,000.00.

I understand that if I am sentenced for an armed robbery or attempted armed robbery, by displaying a deadly weapon, I will not be eligible for parole. I understand that if I am sentenced as a habitual criminal, I will not be eligible for parole. I understand that if I am sentenced for a sex crime, I will not be eligible for parole. I understand that if I am sentenced after July 1, 1995, for any crime, I may not be eligible for parole.

12. I understand that if I am not eligible for parole, I will not receive "good time credits." I also understand that "earned time" or "good time credits" will not be applied to reduce my parole eligibility date. I understand that this Court has no control over the giving of earned time and good time. I understand that this process is governed by the Mississippi Department of Corrections as provided by statute.

13. My lawyer has counseled and assisted me, and I am satisfied with the advice and help he has given me.

14. My lawyer advises me that the elements of the charge(s) to which I am pleading guilty are as follows:

Bribery of a Public Official, Miss. Code Ann. 97-11-53. Any person who (a) directly or indirectly offers, promises, gives or agrees to give to any public official or his spouse any money, property, or other tangible or intangible thing of value as an inducement or incentive for (a) the awarding of refusal to award a contract …; or (c) the accomplishment of any official act or purpose involving public funds or public trust shall be guilty of Bribery of a Public Official.

Fraud Against the Government, Miss. Code Ann. 97-7-10. Whoever (a) with intent to defraud the state or any department, agency, office, board, commission, county, municipality or other subdivision of state or local government, (b) knowingly and willfully falsifies, conceals or covers up by trick, scheme or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be guilty of Fraud Against the Government.

Wire Fraud, Miss. Code Ann. 97-19-83. Whoever (a) having devised or intending to devise any scheme or artifice to defraud, or for obtaining money, property or services, or for unlawfully avoiding the payment or loss of money, property or services, or for securing business or personal

advantage (b) by means of false or fraudulent pretenses, representations or promises … (c) for the purpose of executing such scheme or artifice or attempting to do so, (d) transmits or causes to be transmitted by mail, telephone, newspaper, radio, television, wire, electromagnetic waves, microwaves, or other means of communication or by person, any writings, signs, signals, pictures, sounds, data, or other matter (e) across the country or state jurisdictional lines, shall be guilty of Wire Fraud.

I submit the following facts which I state to be true, and feel that all of the above elements are proven by these facts:

**Count 11 – Bribery of a Public Official**

On or about March 23, 2017, Zachary New, while acting in concert with and/or aiding, abetting, assisting, or encouraging Nancy New, John Davis and others, did wrongfully agree to give John Davis, Executive Director of Mississippi Department of Human Services, and two of his senior executives, at their request, and for their own personal use, personal property, to wit: an "off the books" black GMC Yukon SUV, which was not procured through the normal channels at MDHS, but which was paid for, in whole or in part, using limited purpose grant funds, said transaction being an inducement or incentive to John Davis and these MDHS executives for awarding grant funds to Mississippi Community Education Center in violation of Miss. Code Ann. 97-11-53.

**Count 12 – Bribery of a Public Official**

On or about September 1, 2017, Zachary New, while acting in concert with and/or aiding, abetting, assisting, or encouraging Nancy New and John Davis, Director of the Mississippi Department of Human Services, did hire Brett DiBiase, the then Director of Transformational Change at Mississippi Department of Human Services, and pay DiBiase an annual salary of $250,000.00, and a "travel allowance" for the purpose of traveling with John Davis, despite knowing that Brett DiBiase was unqualified to perform the services for which he was hired, and despite knowing that this use of pubic limited purpose funds was a violation of the terms and conditions of the grants. Brett DiBiase was hired and paid a "travel allowance" to travel with John Davis as an inducement or incentive to John Davis for awarding grant funds to Mississippi Community Education Center in violation of Miss. Code Ann. 97-11-53.

**Count 13 – Bribery of a Public Official**

On or about and between February 2019 and June 2019, Zachary New, while acting in concert with and/or aiding, abetting, assisting, or encouraging John Davis and others, and at the request of John Davis, Director of the Mississippi Department of Human Services, did wrongfully provide or allow to be provided to John Davis unrestricted access to, and use of, Mississippi Community Education Center's American Express Card, which was paid, in whole or in part, using limited purpose grant funds, and which John Davis used to charge, or caused to be charged, first class airfare and luxury hotel accommodations for himself and Brett DiBiase, an inducement or incentive for awarding grant funds to Mississippi Community Education Center in violation of Miss. Code Ann. 97-11-53.

**Count 14 – Bribery of a Public Official**

In 2017, Zachary New, while acting in concert with and/or aiding, abetting, assisting, or encouraging Nancy New, John Davis and others, and at the request of John Davis, Director of the Mississippi Department of Human Services, did knowingly hire Austin Smith, John Davis' nephew, using, in whole or in part, limited purpose grant funds, despite knowing that Austin Smith was unqualified to perform the services for which he was hired, and despite knowing that use of public limited purpose funds in this manner was a violation of the terms and conditions of the limited use grants. Austin Smith was hired as an inducement or incentive to John Davis for awarding grant funds to Mississippi Community Education Center in violation of Miss. Code Ann. 97-11-53.

**Count 27 – Fraud Against the Government**

In or around August 2018, Zachary New, while acting in concert with and/or aiding, abetting, assisting, or encouraging Nancy New, John Davis and others, and at the direction of John Davis and others, participated in a scheme to defraud the State of Mississippi by knowingly transferring or causing to be transferred $1,200,000.00 in limited use grant funds to Victory Sports Foundation, a company known by Zachary New, John Davis and others to be ineligible to receive such grant funds for the purposes for which they were provided, in violation of Miss. Code Ann. 97-7-10.

**Count 28 – Fraud Against the Government**

On or about July 24, 2017, Zachary New, while acting in concert with and/or aiding, abetting, assisting, or encouraging Nancy New, John Davis and others, participated in a scheme to defraud the State of Mississippi by knowingly transferring, or causing to be transferred, $4,000,000.00 in TANF funds for the construction of a volleyball center at the University of Southern Mississippi, which was prohibited under the limited use guidelines of the grants from which the funds originated, and, in furtherance of this scheme, acted with John Davis and others, at their direction, to disguise the USM construction project as a "lease" as a means of circumventing the limited purpose grant's strict prohibition against "brick and mortar" construction projects in violation of Miss. Code Ann. 97-7-10.

**Count 34 – Wire Fraud**

On or about April 8, 2019, Zachary New, while acting in concert with and/or aiding, abetting and assisting Nancy New, John Davis and others, and at their direction, participated in a scheme to defraud the State of Mississippi by transmitting or causing to be transmitted $500,000.00 in limited purpose grant funds from a bank account owned by Mississippi Community Education Center to a bank account owned by New Learning Resources Inc. and then across county and state jurisdictional lines to a bank account owned by Prevacus, Inc., a company in Florida known to be ineligible to receive such public grant funds, for purposes not allowed pursuant to the limited purpose grants from which the funds originated, in violation of Miss. Code Ann. 97-19-83.

**Count 35 – Wire Fraud**

On or about May 10, 2019, Zachary New, while acting in concert with and/or aiding, abetting and assisting Nancy New, John Davis and others, and at their direction, participated in a scheme to defraud the State of Mississippi by transmitting or causing to be transmitted $250,000.00 in limited purpose grant funds from a bank account owned by Mississippi Community Education Center to a bank account owned by New Learning Resources, Inc. and then across county and state jurisdictional lines to a bank account owned by Prevacus, Inc., a company in Florida known to be ineligible to receive such public grant funds, for purposes not allowed pursuant to the limited purpose grants from which the funds originated, in violation of Miss. Code Ann. 97-19-83.

**Count 36 – Wire Fraud**

On or about July 16, 2019, Zachary New, while acting in concert with and/or aiding, abetting and assisting Nancy New, John Davis and others, and at their direction, participated in a scheme to defraud the State of Mississippi by transmitting or causing to be transmitted $400,000.00 of limited purpose grant funds from a bank account owned by Mississippi Community Education Center across county or state jurisdictional lines into an account owned by Prevacus, Inc., a company in Florida known to be ineligible to receive such public grant funds, in violation of Miss. Code Ann. 97-19-83.

**Count 37 – Wire Fraud**

At various time relevant hereto, Zachary New, while acting in concert with and/or aiding, abetting and assisting Nancy New, John Davis and others, and at their direction, participated in a scheme to defraud the State of Mississippi by transmitting or causing to be transmitted or allowing to be transmitted to John Davis from a bank account owned by Mississippi Community Education Center across county or state jurisdictional lines into cash $3000 which John Davis unlawfully distributed to attendees at a Law of 16 presentation in violation of Miss. Code Ann. 97-19-83.

**Count 38 – Wire Fraud**

At various times relevant hereto, Zachary New, while acting in concert with and/or aiding, abetting, assisting, or encouraging Nancy New, John Davis and others, and at their direction, participated in a scheme to defraud the State of Mississippi by knowingly transferring, or causing to be transferred, $500,000.00 in TANF funds for the construction of a virtual reality center at City Center in Jackson, Mississippi, which was prohibited under the limited use guidelines of the grants from which the funds originated, and, in furtherance of this scheme, acted with John Davis and others, at their direction, to disguise the $500,000.00 construction project as a "lease" as a means of circumventing the limited purpose grant's strict prohibition against "brick and mortar" construction projects in violation of Miss. Code Ann. 97-7-10.

Therefore, I am guilty and ask the Court to accept my plea of guilty.

15. I understand that I am presenting this Petition under Oath and under penalty of perjury for any false statements contained herein. I have not been encouraged by any person to answer falsely any question in this Petition in order4 to have this plea accepted.

16. I understand that my plea of guilty may be withdrawn at any time during a hearing on this Petition prior to the acceptance of the plea by the Court.

17. I have not previously been convicted of any felonies.

Signed by me in the presence of my lawyer, this the 22nd day of April, 2022.

_____
DEFENDANT

STATE OF MISSISSIPPI
COUNTY OF HINDS

SWORN TO AND SUBSCRIBED BEFORE ME, this the 22nd day of April 2022.

MY COMMISSION EXPIRES:

December 19, 2024

_____
NOTARY PUBLIC

As attorney for ZACHARY WHITTEN NEW, I certify that I have on the above date, discussed all the contents of the foregoing petition with said defendant, and I am satisfied that Defendant fully understands same and that the defendant executes said Petition knowingly and voluntarily.

/s/ Thomas Gerry Bufkin
_____
ATTORNEY FOR DEFENDANT